IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE R. GILBANK,

                Plaintiff,

  v.

MARSHFIELD POLICE DEPARTMENT,
THERESA HEINZEN-JANZ, DEREK IVERSON,
MARY CHRISTENSEN, ANNE LACHAPELLE,
MARY SOLHEIM, and DOES 1-10,

                Defendants.

OPINION and ORDER

20-cv-601-jdp

---

    Before the court is a motion filed by the Wood County defendants (Teresa Heinzen-Janz, Mary Christensen, Anne La Chapelle, and Mary Solheim) to dismiss Gilbank's claims against them under Rules 37(b)(2)(A)(v) and 41(b) as a sanction for her failure to comply with the court's prior discovery orders. Dkt. 48. In a previous order, I granted a motion to compel filed by the Wood County defendants, and I ordered pro se plaintiff Michelle R. Gilbank to respond to the discovery requests that defendants had sent to her on December 16, 2020. Dkt. 47. I warned Gilbank that if she did not respond to defendants' discovery requests by the April 5 deadline, I would consider imposing sanctions on her.

    Gilbank did not comply with the court's order. Instead of responding to the Wood County defendants' discovery requests, Gilbank sent to Wood County her responses to discovery requests that the Marshfield Police Department defendants had served on her. Counsel for the Wood County defendants notified Gilbank that she had not responded to their discovery requests as ordered by the court. In various communications with counsel, Gilbank stated that she either had responded already, that she was working on her responses, that she needed more time to respond, or that she had not received any discovery requests from the

Wood County defendants. Then on April 14, Gilbank sent partial responses to the Wood County defendants. The Wood County defendants then filed the motion to dismiss.

I will deny the motion. In her opposition brief, Gilbank says that she mixed up the discovery requests and did not realize that there were separate requests from the two sets of defendants. She has now supplemented her discovery responses to the Wood County defendants twice, and she has answered most of their discovery requests in full. The Wood County defendants argue that Gilbank's explanation for her delays is incredible, and that her actions likely will create problems with the summary judgment and trial schedule. But I am not persuaded that Gilbank has acted intentionally to withhold information or delay the case. Gilbank is clearly trying to prosecute her case, but she has struggled to meet deadlines because she lacks legal training or experience. Under the circumstances, dismissal of Gilbank's claims would be too harsh a sanction. As for defendants' concern about the schedule, the court can address any scheduling problems if and when they arise.

That being said, Gilbank must comply with her discovery obligations and court deadlines going forward. As the party who initiated this lawsuit, Gilbank is responsible for prosecuting her claims according to the schedule set by the court and in compliance with the Federal Rules of Civil Procedure. If Gilbank is ever confused about her obligations, she should consult the Pretrial Conference Order. Dkt. 34. If she still has questions, she should ask defendants' counsel or the court for guidance. Gilbank also should review defendants' most recent communications and determine whether she can provide more information or clarify the responses she provided already. If defendants remain dissatisfied with Gilbank's responses, they can file a new motion to compel that identifies specific deficiencies in Gilbank's responses.

And if Gilbank continues to miss deadlines, I will reconsider whether dismissal or some other sanction is appropriate.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Mary Christensen, Theresa Heinzen-Janz, Anne La Chapelle, and Mary Solheim, Dkt. 48, is DENIED.

Entered June 8, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge