UNITED STATES DISTRICT COURT

for the

Western District of Wisconsin

Civil Division

| | |
|---|---|
| MICHELLE R GILBANK, et al., | Case No.: 20-CV-601-JDP |
| Plaintiffs, | |
| vs. | BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT |
| WOOD COUNTY DHS, et al., | |
| Defendants. | |

I am filing this motion to the best of my ability and understanding. If it is deficient in any way, please allow me leave to correct any requirements I have misunderstood.

Due process is the legal requirement that the state must respect all legal rights that are owed to a person. When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends the rule of law.

The right of individuals to determine how much and what information about themselves is to be revealed to others (information privacy) and the freedom of individuals to perform or not perform certain acts or subject themselves to certain experiences (personal autonomy) are

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 1

substantive due process rights that are clearly established. The right of a parent to the care and custody of her child is a right that is clearly established and requires strict scrutiny.

Federal procedural due process requirements include (1) a right to notice, (2) a right to an opportunity to be heard, (3) the right to an impartial tribunal, (4) the right to confrontation and cross-examination, and (5) the right to discovery.

Wisconsin state law provides that:

**Section 48.24 - Receipt of jurisdictional information; intake inquiry**

(1) Information indicating that a child or an unborn child should be referred to the court as in need of protection or services shall be referred to the intake worker, who shall conduct an intake inquiry on behalf of the court to determine whether the available facts establish prima facie jurisdiction and to determine the best interests of the child or unborn child and of the public with regard to any action to be taken.

(1m) As part of the intake inquiry, the intake worker **shall inform** the child and the child's parent, guardian and legal custodian that they, or the adult expectant mother of an unborn child that she, may request counseling from a person designated by the court to provide dispositional services under s. 48.069.

(2) (b) No child or other person **may be compelled** to appear at any conference, participate in a multidisciplinary screen, produce any papers **or visit any place** by an intake worker.

**Section 48.243 - Basic rights: duty of intake worker**

(1) Before conferring with the parent, expectant mother or child during the intake inquiry, the intake worker **shall personally inform parents**, expectant mothers and children 12 years of age

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 2

or older who are the focus of an inquiry regarding the need for protection or services that the referral may result in a petition to the court and of all of the following:

(a) What allegations could be in the petition.

(b) The nature and possible consequences of the proceedings.

(c) The right to remain silent and the fact that silence of any party may be relevant.

(d) The right to confront and cross-examine those appearing against them.

(e) The right to counsel under s. 48.23.

(f) The right to present and subpoena witnesses.

(g) The right to a jury trial.

(h) The right to have the allegations of the petition proved by clear and convincing evidence.

(3) If the child or expectant mother has not had a hearing under s. 48.21 or 48.213 and was not present at an intake conference under s. 48.24, **the intake worker shall inform the child, parent, guardian and legal custodian, or expectant mother, as appropriate, of the basic rights provided under this section. The notice shall be given verbally, either in person or by telephone, and in writing.** This notice shall be given **so as to allow the child, parent**, guardian, legal custodian or adult expectant mother **sufficient time to prepare for the plea hearing**. This subsection does not apply to cases of informal disposition under s. 48.245.

**Section 48.25 - Petition: authorization to file**

(1) A petition initiating proceedings under this chapter shall be **signed** by a person who has knowledge of the facts alleged or is informed of them and **believes them to be true**.

(6) If a proceeding is brought under s. 48.13, any party to or any governmental or social agency involved in the proceeding **may petition the court** to issue a temporary restraining order and injunction as provided in s. 813.122 or 813.125.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 3

**Section 48.255 - Petition; form and content**

(f) If the child is being held in custody outside of his or her home, **reliable and credible information** showing that continued placement of the child in his or her home would be contrary to the welfare of the child and, unless any of the circumstances specified in s. 48.355(2d) (b) 1 to 5. applies, **reliable and credible information showing that the person who took the child into custody and the intake worker have made reasonable efforts to prevent the removal of the child** from the home, while assuring that the child's health and safety are the paramount concerns, and to make it possible for the child to return safely home.

**Section 48.27 - Notice; summons**

(1)(a) After a petition has been filed relating to facts concerning a situation specified under s. 48.13 or a situation specified in s. 48.133 involving an expectant mother who is a child, unless the parties under sub. (3) voluntarily appear, the court may issue a summons requiring the person who has legal custody of the child to appear personally, and, if the court so orders, to bring the child before the court at a time and place stated.

(b) After a petition has been filed relating to facts concerning a situation specified under s. 48.133 involving an expectant mother who is an adult, unless the adult expectant mother voluntarily appears, the court may issue a summons requiring the adult expectant mother to appear personally before the court at a time and place stated.

(2) Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the court, is necessary.

(3)(a)1. **If the petition that was filed relates to facts concerning a situation under s. 48.13** or a situation under s. 48.133 involving an expectant mother who is a child, **the court shall notify**, under s. 48.273, the child, **any parent**, guardian, and legal custodian of the child, any foster

parent or other physical custodian described in s. 48.62(2) of the child, the unborn child's guardian ad litem, if applicable, and any person specified in par. (b), (d), or (e), if applicable, of all hearings involving the child except hearings on motions for which notice must be provided only to the child and his or her counsel and, if applicable, to the unborn child's guardian ad litem. If parents who are entitled to notice have the same place of residence, notice to one constitutes notice to the other. The first notice to any interested party, foster parent, or other physical custodian described in s. 48.62(2) **shall be in writing** and may have a copy of the petition attached to it. Notices of subsequent hearings may be given by telephone at least 72 hours before the time of the hearing. The person giving telephone notice shall place in the case file a signed statement of the time notice was given and the person to whom he or she spoke.

(3)(a)(2) 2. Failure to give notice under subd. 1. to a foster parent or other physical custodian described in s. 48.62(2) does not deprive the court of jurisdiction in the action or proceeding. If a foster parent or other physical custodian described in s. 48.62(2) is not given notice of a hearing under subd. 1., **that person may request a rehearing on the matter during the pendency of an order resulting from the hearing. If the request is made, the court shall order a rehearing**.

(4)(a) A notice under sub. (3) (a) or (b) **shall**:

1. Contain the name of the child, and the nature, location, date and time of the hearing.

2. Advise the child and any party, if applicable, of his or her right to legal counsel regardless of ability to pay.

**Section 48.19   Taking a child into custody.**

(1)   A child may be taken into custody under any of the following:

(a) A warrant.

(b) A capias issued by a judge under s. 48.28.

(c) An order of the judge if made upon a showing satisfactory to the judge that the welfare of the child demands that the child be immediately removed from his or her present custody. The order shall specify that the child be held in custody under s. 48.207 (1).

(cm) An order of the judge if made upon a showing satisfactory to the judge that the child is an expectant mother, that due to the child expectant mother's habitual lack of self-control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered unless the child expectant mother is taken into custody and that the child expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her. The order shall specify that the child expectant mother be held in custody under s. 48.207 (1).

(d) Circumstances in which a law enforcement officer believes on reasonable grounds that any of the following conditions exists:

1. A capias or a warrant for the child's apprehension has been issued in this state, or that the child is a fugitive from justice.

2. A capias or a warrant for the child's apprehension has been issued in another state.

4. The child has run away from his or her parents, guardian or legal or physical custodian.

**5. The child is suffering from illness or injury or is in immediate danger from his or her surroundings and removal from those surroundings is necessary.**

7. The child has violated the conditions of an order under s. 48.21 (4) or the conditions of an order for temporary physical custody by an intake worker.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 6

8. The child is an expectant mother and there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered due to the child expectant mother's habitual lack of self-control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, unless the child expectant mother is taken into custody.

(2)  When a child is taken into physical custody under this section, the person taking the child into custody shall immediately attempt to notify the parent, guardian, legal custodian, and Indian custodian of the child by the most practical means. The person taking the child into custody shall continue such attempt until the parent, guardian, legal custodian, and Indian custodian of the child are notified, or the child is delivered to an intake worker under s. 48.20 (3), whichever occurs first. If the child is delivered to the intake worker before the parent, guardian, legal custodian, and Indian custodian are notified, the intake worker, or another person at his or her direction, shall continue the attempt to notify until the parent, guardian, legal custodian, and Indian custodian of the child are notified.

(3)  Taking into custody is not an arrest except for the purpose of determining whether the taking into custody or the obtaining of any evidence is lawful.

On their petitions to the court, Defendants Heinzen-Janz and Iverson repeatedly elaborate, twist facts, state things they know to be false, and leave out information vital for a determination of the safety of T.E.H.  It is Plaintiff's belief that they do this to cover up their violations of Plaintiff's rights.  Defendant Iverson explicitly informed Plaintiff that she had a right to have an attorney present either before or during any questioning, and then when Plaintiff requested to have such attorney, Defendant Heinzen-Janz accused her of refusing to cooperate and then

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 7

pinpointed her entire case to the courts around Plaintiff's denial and refusal to cooperate, when all Plaintiff had done was request the attorney that she was told she had a right to.

Somewhere I read that if the right to a pre-deprivation hearing is violated it can be overcome by adequate post-deprivation procedures. But Plaintiff was denied this as well. Incorrect and incomplete information was given to the court. Plaintiff was not notified of the 48-hour hearing, neither vocally nor in writing, as required. Plaintiff made multiple attempts to notify the court of these violations and was denied having the post-deprivation hearing reopened, even though Wisconsin law states that it must be.

The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan (2009) 555 U.S. 223, 129 S.Ct. 808, 815 [172 L.Ed.2d 565] (quoting Harlow v. Fitzgerald (1982) 457 U.S. 900, 818). Immunity is an objective test designed to protect all but "the plainly incompetent or those who knowingly violate the law." [Malley v. Briggs, 475 U.S. 335, 341 (1986)] The doctrine does not shield defendants from the unlawful seizure of the minor children in violation of their 4th Amendment right to be free from unreasonable seizure, nor the removal of the children from their parent Plaintiffs, in violation of all Plaintiffs 14th Amendment right of familial association.

The liability of a government actor for the removal of children does not depend on their "physical" involvement. In cases such as the conduct and active participation of Defendant Heinzen-Janz and Defendant Iverson, it is enough that they was an "integral participant" in the

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 8

removal, part of a "joint decision" to remove children. [Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004); see also, Anderson v. County of Sonoma, 2009 WL 1458240, at *7, 9th Circuit affirming at 415 Fed.Appx. 6, 9- 10 (9th Cir. 2011) – citing "joint" decision between defendants not entitled qualified immunity in summary judgment ruling.)]

Plaintiff believes that she has provided sufficient evidence that each and every one of the procedural and substantive rights detailed above were violated by Defendant Heinzen-Janz and Defendant Iverson's conscious disregard for Plaintiff and Plaintiff's child when they violated state law in the removal of T.E.H. from Plaintiff's care and custody, and the unlawful eviction of Plaintiff from her home.

Because of this conscious disregard for established rights and laws, Plaintiff respectfully requests that this Court finally grant Plaintiff's pleas for redress and find Defendants Heinzen-Janz and Iverson guilty of these offenses and liable for their actions.

Thank you.

Dated at Marshfield, Wisconsin, this 1st day of July, 2021.

*Michelle R. Gilbank*
Michelle R. Gilbank, pro se

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 9