IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHELLE R. GILBANK,

        Plaintiff,

v.

WOOD COUNTY DEPARTMENT OF
HUMAN SERVICES, et al.

        Defendants.

Case No. 20-cv-601-jdp

### WOOD COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S ADDITIONAL PROPOSED FINDINGS OF FACT

NOW COME Defendants, Theresa Heinzen-Janz, Mary Christensen, Anne LaChapelle, and Mary Solheim (collectively "Wood County Defendants"), by their attorneys, Axley Brynelson, LLP, by Michael J. Modl, Lori M. Lubinsky, Aneet Kaur, and Danielle Baudhuin Tierney, and submit the following response to Plaintiff's Statement of Proposed Findings of Fact No. 2.

    1.    Wood County Defendants Theresa Heinzen-Janz, Mary Christensen, and Anne La Chapelle relied on CPServices Access & Initial Assessment Standards in evaluating the safety of T.E.H. (Dkt. 114-07,[1] p. 3, ¶ 3)

**Response**: The evidence cited does not support Plaintiff's proposed fact. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(e).

    2.    The CPS Access and Initial Assessment Standards requires that thorough information be gathered in the following areas:

---

[1] Plaintiff cited to "Dkt. 114-07," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-7, given the context of the proposed fact.

- Maltreatment including alleged maltreatment, and any other type of maltreatment occurring within the family.

- Surrounding Circumstances including circumstances leading up to maltreatment and the parent's/caregiver's response.

- Child Functioning including general functioning, disabilities, or special needs of all children in the household, effects of any maltreatment, and child vulnerabilities.

- Adult Functioning including general functioning, mental, emotional and physical health, disabilities, and enhanced and diminished Parent/Caregiver Protective Capacities (see CPS Safety Intervention Standards, Appendix 8: Parent/Caregiver Protective Capacities).

- Parenting Practices including general parenting practices, discipline practices, and enhanced and diminished parent/caregiver protective capacities.

- Family Functioning including strengths and current stresses.

(Dkt. 114-1,[2] p.89)

**Response**: The material cited to support the proposed fact is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(c); (e).

3. On 07/03/2018, Defendants Heinzen-Janz and Iverson were made aware that Ian Hoyle's visitation with T.E.H. was required to be supervised. "*He gets 4 hours of supervised visits at PDC once per week.*" (Dkt. 114-1, p.2)

---

[2] Plaintiff cited to "Dkt. 114-1," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-1, given the context of the proposed fact.

**Response**:   Plaintiff's proposed fact is unsupported by evidentiary support; Dkt. 114-1 does not exist, and Defendants cannot ascertain what document Plaintiff is attempting to refer to. The Court should disregard Plaintiff's unsupported proposed fact. Fed. R. Civ. P. 56(e).

4.   On 07/03/2018, Defendants Heinzen-Janz and Iverson were made aware that Ian Hoyle's counseling was due to anger management issues. "*Ian is currently undergoing counseling for himself for anger management, and it is partly due to plaintiff's behavior.*" (Dkt. 60-6, p. 5, ¶ 3) "*Ian is currently undergoing counseling for himself for anger management.*" (Dkt. 107-01, p. 18, ¶ 3)

**Response**:   Undisputed.

5.   On 07/03/2018, Ian Hoyle "*expressed that he never sees <plaintiff> sleep, but he has never seen her use either*" to Defendants Heinzen-Janz and Iverson. (Dkt. 107-1, p.18, ¶ 6)

**Response**:   Undisputed.

6.   On 07/03/2018, Defendants Heinzen-Janz and Iverson were made aware that Ian Hoyle "*abused alcohol and likes downers*". (Dkt. 107-01, p.18, ¶ 7 )

**Response**:   Undisputed.

7.   On 07/11/2018, Defendant Heinzen-Janz was made aware of further domestic violence by Ian Hoyle towards plaintiff and T.E.H., and that Ian Hoyle and plaintiff "*fight constantly out in the open because he doesn't let her <or T.E.H.> into the apartment when he is home.*" (Dkt. 107-1, p.52, ¶ 1, line 8)

**Response**:   The evidence cited does not support Plaintiff's proposed fact. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(e).

8.	Wisconsin CPS Access and Initial Assessment Standards, Appendix 3, instructs CPS workers of the following:

> Absent a direct allegation of abuse or neglect to a child, a report of children exposed to domestic violence should be screened-in as a CPS report according to the following criteria:
>
> - A report is made in which there is reasonable cause to suspect there is current domestic violence or the abuser has a history of domestic violence, and
>
> - there is reason to suspect the child is intervening or will intervene, placing him or her at risk of injury, or
>
> - the child is likely to be injured during the violence (e.g., being held during the violence, physically restrained from leaving), or
>
> - <u>the alleged perpetrator does not allow the protective parent and child access to basic needs impacting their health or safety</u>

(Dkt. 111-1, p.98, ¶ 2)

**Response**:   Plaintiff's proposed fact is unsupported by evidentiary support; Dkt. 111-1 does not exist, and Defendants cannot ascertain what document Plaintiff is attempting to refer to. The Court should disregard Plaintiff's unsupported proposed fact. Fed. R. Civ. P. 56(e). Further, to the extent the Court locates the document referenced by Plaintiff, it is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(c); (e).

9.	Ian Hoyle has a history of domestic violence. 11/06/97 – Arrest, Battery; 01/30/97 – Arrest, Domestic Abuse Counseling ordered; 10/24/96 – Arrest, Domestic Abuse; 10/23/96 –

8.	Wisconsin CPS Access and Initial Assessment Standards, Appendix 3, instructs CPS workers of the following:

> Absent a direct allegation of abuse or neglect to a child, a report of children exposed to domestic violence should be screened-in as a CPS report according to the following criteria:
>
> - A report is made in which there is reasonable cause to suspect there is current domestic violence or the abuser has a history of domestic violence, and
>
> - there is reason to suspect the child is intervening or will intervene, placing him or her at risk of injury, or
>
> - the child is likely to be injured during the violence (e.g., being held during the violence, physically restrained from leaving), or
>
> - <u>the alleged perpetrator does not allow the protective parent and child access to basic needs impacting their health or safety</u>

(Dkt. 111-1, p.98, ¶ 2)

**Response**:   Plaintiff's proposed fact is unsupported by evidentiary support; Dkt. 111-1 does not exist, and Defendants cannot ascertain what document Plaintiff is attempting to refer to. The Court should disregard Plaintiff's unsupported proposed fact. Fed. R. Civ. P. 56(e). Further, to the extent the Court locates the document referenced by Plaintiff, it is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(c); (e).

9.	Ian Hoyle has a history of domestic violence. 11/06/97 – Arrest, Battery; 01/30/97 – Arrest, Domestic Abuse Counseling ordered; 10/24/96 – Arrest, Domestic Abuse; 10/23/96 –

Arrest, Batterer's Group ordered. Ian Hoyle also has a history of sexual assault of a child, drug use, criminal trespass, burglary, DUIs, violating probation, and failure to register as a sex-offender. (Dkt. 60-7, p. 2-4)

**Response**:   The material cited to support the proposed fact is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(c); (e).

10.   On 07/26/2018, Defendants Heinzen-Janz and Iverson were made aware of further domestic violence by Ian Hoyle towards plaintiff and T.E.H. Defendant Heinzen-Janz states in her report that "*This worker, Social Worker Taylor Young, and defendant Iverson conducted an unannounced home visit.*" She leaves out entirely that the cause of the visit was Ian Hoyle placing a phone call to defendant Iverson's personal cell phone in a fury because Plaintiff confronted him about his lying and abuse. (Dkt. 114-2,[3] p.4)

**Response**:   The evidence cited does not support Plaintiff's proposed fact. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(e).

11.   Wisconsin CPS Access and Initial Assessment Standards, Appendix 3, instructs CPS workers of the following:

- The abuser may not be a reliable source of information about his violent behavior or his use of power and control tactics. Better sources of information include the adult and child victims, police reports, medical reports, and collateral contacts.

---

[3] Plaintiff cited to "Dkt. 114-2," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-2, given the context of the proposed fact.

- Be aware that perpetrators of domestic abuse often appear very believable and controlled, especially during initial interviews. An abuser may also present himself as a victim of domestic abuse.

- Interview the domestic abuser in a way that encourages disclosure of abusive conduct. Domestic abusers routinely deny, minimize, or blame the victim for their violent behaviors. Ask specific questions about behaviors, as a perpetrator may not think of their actions as violent or abusive. For example, he may believe that "violence" refers to a serious injury requiring medical attention, whereas pushing, slapping or hitting is simply "arguing" or "disagreeing".

- If an alleged maltreater denies domestic abuse, do not try to force disclosure, but move on to other subjects. Angry confrontations with domestic abuse perpetrators can result in retaliation against the child or adult victim. You do not need the perpetrator's disclosure to confirm that domestic abuse has occurred. Such confirmation comes from adult and child victim statements, CPS professional observations and other agency reports.

(Dkt. 114-01,[4] p. 103, ¶ 1-4)

**Response**:   The material cited to support the proposed fact is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(c); (e).

12.   On 07/03/2018, at the exact same time that plaintiff was waiting patiently for defendant Heinzen-Janz to appear for her scheduled appointment to assist plaintiff in finding safe

---

[4] Plaintiff cited to "Dkt. 114-01," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-1, given the context of the proposed fact.

housing and leaving Ian Hoyle, Ian Hoyle contacted defendant Iverson to arrange a meeting in which he could gaslight, scapegoat, and slander plaintiff. Defendant Iverson agreed to meet with him immediately. Defendant Heinzen-Janz did not call or show up to her appointment with plaintiff for resources, but instead went with defendant Iverson to speak with Ian Hoyle. (Dkt. 60-06, p. 5-7)

**Response**:   The evidence cited does not support Plaintiff's proposed fact. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(e).

13.   On 08/21/2018, during plaintiff's interrogation, plaintiff says that all she wants is to be on a regulated prescription. Defendant Iverson responds, "*And that sucks…*" (Dkt. 60-09 @ 13:30:23)

**Response**:   The evidence cited does not support Plaintiff's proposed fact. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(e).

14.   On 08/21/2018, during plaintiff's interrogation, defendant Iverson states, "*Now I don't think <T.E.H.> would be better off with <Ian Hoyle>. I don't think that at all. I think she'd be better off with her mom.*" (Dkt. 60-09 @ 13:)

**Response**:   Plaintiff failed to properly cite to supporting evidence with the requisite specificity. As such, Plaintiff's proposed fact is unsupported by evidentiary support and the Court should disregard Plaintiff's proposed fact. Fed. R. Civ. P. 56(e).

15.   On 08/21/2018, during plaintiff's interrogation, defendant Iverson reads plaintiff her Miranda Rights, including her right to have an attorney present during questioning, or to rewquest [*sic*] one at any time during questioning. (Dkt. 60-09 @ 13:33:00)

**Response**:   Undisputed that Iverson read Plaintiff her Miranda Rights during the 8/21/2018 conversation.

16.   On 08/21/2018, during plaintiff's interrogation, defendant Iverson states, "*you do really well with Tesla from what I've seen, and she shows it. I mean, she clings right to you.*" (Dkt. 60-09 @ 13:44:50)

**Response**:   Undisputed that Iverson made the statement during the 8/21/2018 conversation.

17.   On 08/21/2018, after attending the plaintiff's interrogation, defendant Heinzen-Janz completed a petition for protection or services. "*Based on Michelle's lack of cooperation present danger threats were identified in that the parent overtly rejects intervention and the parent is intoxicated now or is consistently under the influence, therefor [*sic*], the department took temporary physical custody and placed her in the care of her father.*" (Dkt. 82-08, p. 2, ¶ 7)

**Response**:   Undisputed.

Dated this 5th day of October, 2021.

AXLEY BRYNELSON, LLP

*Electronically signed by Danielle Baudhuin Tierney*
Michael J. Modl, SBN 1011419
Lori M. Lubinsky, SBN 1027575
Aneet Kaur, SBN 1088063
Danielle Baudhuin Tierney, SBN 1096371
Attorneys for Defendants
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
mmodl@axley.com
llubinsky@axley.com
akaur@axley.com
dtierney@axley.com