**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

MICHELLE R. GILBANK,

               Plaintiff,                    Case No. 20-cv-601-jdp

    v.

WOOD COUNTY DEPARTMENT OF
HUMAN SERVICES, et al.

               Defendants.

---

**WOOD COUNTY DEFENDANTS' REPLY IN SUPPORT OF
PROPOSED FINDINGS OF FACT**

---

NOW COME Defendants, Theresa Heinzen-Janz, Mary Christensen, Anne LaChapelle, and Mary Solheim (collectively "Wood County Defendants"), by their attorneys, Axley Brynelson, LLP, by Michael J. Modl, Lori M. Lubinsky, Aneet Kaur, and Danielle Baudhuin Tierney, and submit the following reply in support of Defendants' Proposed Findings of Fact:

1.      Plaintiff Michelle R. Gilbank ("Gilbank") commenced the present pro se civil rights action on June 30, 2020, on behalf of herself and her minor daughter, T.E.H. (DOB 08/05/2014), alleging violation of numerous federal constitutional and statutory rights. (Dkt. 1.)

    <u>Response</u>:    No dispute.

    **<u>Reply</u>**:    **Undisputed.**

2.      On December 15, 2020, the Court issued its order resolving all pending motions to dismiss. (Dkt. 41.)

    <u>Response</u>:    No dispute.

    **<u>Reply</u>**:    **Undisputed.**

3.    Following resolution of various motions to dismiss, the remaining party Plaintiff is Gilbank and the remaining party Defendants are four Wood County social workers (collectively "Wood County Defendants"), and the Marshfield Police Department and Marshfield Police Detective Derek Iverson (collectively "Marshfield Defendants"). (Dkt. 41.)

Response:    No dispute.

**Reply**:    **Undisputed.**

4.    Wood County Defendant Theresa Heinzen-Janz is an adult resident of Marshfield, Wisconsin, and at all times material to this lawsuit was an Initial Assessment Social Worker with Wood County Human Services Department. (Declaration of Theresa Heinzen-Janz ("Heinzen-Janz Decl.") ¶ 2.)

Response:    No dispute.

**Reply**:    **Undisputed.**

5.    Wood County Defendant Mary Solheim is an adult resident of Kronenwetter, Wisconsin. (Declaration of Mary Solheim ("Solheim Decl.") ¶ 2.)

Response:    No dispute.

**Reply**:    **Undisputed.**

6.    Ms. Solheim was hired as a Deputy Director with the Wood County Human Services Department on February 11, 2019. (Solheim Decl. ¶ 3.)

Response:    No dispute.

**Reply**:    **Undisputed.**

7.    Ms. Solheim was not employed, in any capacity, with the Wood County Human Services Department prior to February 11, 2019. (Solheim Decl. ¶ 4.)

Response:    No dispute.

**Reply**:        **Undisputed.**

8.        Wood County Defendant Mary Christensen is an adult resident of Marshfield, Wisconsin, and at all times material to this lawsuit was an Ongoing Social Worker with Wood County Human Services Department. (Declaration of Mary Christensen ("Christensen Decl.") ¶ 2.)

Response:        No dispute.

**Reply**:        **Undisputed.**

9.        Wood County Defendant Anne LaChapelle is an adult resident of Wisconsin Rapids, Wisconsin, and at all times material to this lawsuit was an Initial Response Social Worker Supervisor with Wood County Human Services Department. (Declaration of Anne LaChapelle ("LaChapelle Decl.") ¶ 2.)

Response:        No dispute.

**Reply**:        **Undisputed.**

10.        Prior to the events of this case, Gilbank had a lengthy involvement with law enforcement and the criminal justice system. (Declaration of Aneet Kaur ("Kaur Decl."), Exh. A (Deposition of Michelle Gilbank) at 189.)

Response:        No dispute that plaintiff had prior involvement with law enforcement as both a defendant and as a victim of crimes.

**Reply**:        **Undisputed.**

11.        Gilbank's criminal history includes numerous DUI charges in the State of Wisconsin and one in the State of California. (Kaur Decl., Exh. A at 31-32.)

Response:        No dispute that plaintiff had 1 DUI in California and 3 DUIs in Wisconsin years prior to the birth of T.E.H.. (Dkt. 82-01, p.31-32)

**Reply**:        **Undisputed.**

12.    At her deposition, Gilbank admitted that, on multiple occasions in the past, T.E.H. was sleeping or in another room while she used meth. (Kaur Decl., Exh. A) at 45, 60-61, 227-228.)

Response:        No dispute that plaintiff, prior to obtaining safe housing and mental health services, would rarely (< 2 x monthly) use a small amount of methamphetamine (< 0.025 g) after T.E.H. was asleep AND in another room. Plaintiff now takes Trazodone, nightly, at this same time.

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

13.    At her deposition, Gilbank admitted that meth addicts brought meth to her and used it with her. (Kaur Decl., Exh. A at 21, 44-45, 228.)

Response:        Disputed. Evidence referred to does not support this statement. Unless defendants' are testifying that they believe Ian Hoyle is a meth addict, which plaintiff would not dispute. (Dkt. 82-01, p.44-45, 228)

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 83-1, p. 12 (43:15-45:9); p. 58 (227:23-228:18).) Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

14.    T.E.H. was being raised in an environment where meth was present and being used. (Kaur Decl., Exh. A at 45, 60-61, 227-228.)

<u>Response</u>:        Disputed. Evidence referred to does not support this statement. (Dkt. 82-01, p. 46, 227-228)

**<u>Reply</u>:        Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 83-1, p. 12 (43:15-45:9); p. 58 (227:23-228:18).) Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

15.      At her deposition, Gilbank admitted that T.E.H.'s living situation was "problematic", "unpredictable", and "unsafe." (Kaur Decl., Exh. A at 47, 49, 50, 69, 199.)

<u>Response</u>:        No dispute that plaintiff described residing with T.E.H. at Ian Hoyle's apartment was "problematic", "unpredictable", and "unsafe". That is why plaintiff was asking defendant Heinzen-Janz to assist her in finding safe housing. (Dkt. 82-01, p.47, 49, 50, 69, 199)

**<u>Reply</u>:        Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

16.      On August 19, 2017, Detective Libby Abel of Marshfield initiated a traffic stop of a vehicle with suspended registration (Kaur Decl., Exh. B (Probable Cause Statement and Judicial Determination dated August 19, 2017).)

<u>Response</u>:        No dispute. Dispute as to relevancy, as this was a year prior to plaintiff meeting any of the defendants and there were no children present.

**<u>Reply</u>:        Undisputed.**

        a.      Gilbank was a passenger in that vehicle. (Kaur Decl., Exh. B.)

Response:        [Plaintiff did not provide a response.]

**Reply**:        **Undisputed.**

     b.        The driver of the vehicle was John Gates. (Kaur Decl., Exh. B.)

Response:        No dispute. Dispute as to relevancy, as this was a year prior to plaintiff meeting any of the defendants and there were no children present.

**Reply**:        **Undisputed.**

     c.        Gilbank appeared heavily intoxicated. (Kaur Decl., Exh. B.)

Response:        No dispute. Dispute as to relevancy, as this was a year prior to plaintiff meeting any of the defendants and there were no children present.

**Reply**:        **Undisputed.**

     d.        Officer Abel searched the vehicle for open intoxicants. (Kaur Decl., Exh. B.)

Response:        No dispute. Dispute as to relevancy, as this was a year prior to plaintiff meeting any of the defendants and there were no children present.

**Reply**:        **Undisputed.**

     e.        Officer Abel located 4.1 grams of methamphetamine, a glass pipe with burnt residue, small gem bag with residue and two plastic straws with residue in Gilbank's purse. (Kaur Decl., Exh. B.)

Response:        No dispute. Dispute as to relevancy, as this was a year prior to plaintiff meeting any of the defendants and there were no children present.

**Reply**:        **Undisputed.**

     f.        Officer Abel located several gem bags of methamphetamine on Mr. Gates' person. (Kaur Decl., Exh. B.)

Response:     No dispute. Dispute as to relevancy, as this was a year prior to plaintiff meeting any of the defendants and there were no children present.

**Reply**:     **Undisputed.**

17.     Gilbank was arrested for Possession of Methamphetamine and Possession of Drug Paraphernalia. (Kaur Decl., Exh. B.)

Response:     No dispute.

**Reply**:     **Undisputed.**

18.     Mr. Ian Hoyle is the father of T.E.H. (Kaur Decl., Exh. A at 22.)

Response:     No dispute.

**Reply**:     **Undisputed.**

19.     Gilbank and T.E.H. moved in with Mr. Hoyle in February or March of 2018. (Kaur Decl., Exh. A at 22.)

Response:     No dispute.

**Reply**:     **Undisputed.**

20.     On or around June 29, 2018, Wood County Human Services Department received a referral alleging neglect of T.E.H. by Gilbank. (Kaur Decl., Exh. C (Original Disposition Report to the Court).)

Response:     Disputed. Evidence cited provides only defendant Heinzen-Janz statements to the court, which are disputed. Actual Report of the event by MPD Officer Christopher Berg dated June 29, 2018 @ 3:33pm: "*An anonymous caller reported concern that a forty-five year old Marshfield woman and her three year old daughter may be living in a garage at the above location, and was concerned about the heat. Contact was made with the woman and child, and investigation revealed they are living in the upper apartment, which*

*is air conditioned. Human Services will follow up with the woman next week to assist with resources. No concerns were noted for the welfare of the child or the woman.*" (Just Decl. ¶ 2, Ex. A, p. 1) (Dkt. 68-1) Defendant Heinzen-Janz then returned to her office and filed a report naming Ian Hoyle as the suspected maltreater. "Date: 06/29/2018 Begin Time: 03:41 PM" "Case Name: Hoyle, Ian" "Category: Initl Assess Contact" (CPS_File_2018_Part2, p. 2)(Dkt. 114-2, p.2)

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (See Dkt. 82-3, p. 2; "On June 29, 2018, Wood County Human Services Department received a referral …"). Further, the response attempts to add unresponsive additional immaterial facts, but it raises no dispute of the proposed fact. Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

a.     The anonymous caller reported that the family was living in a garage during a period of time when there was extreme heat. (Kaur Decl., Exh. C.)

Response:     Disputed. Evidence cited provides only defendant Heinzen-Janz statements to the court, which are disputed. Actual Report of MPD Officer Christopher Berg dated June 29, 2018 @ 3:33pm: "*An anonymous caller reported <u>concern</u> that a forty-five year old Marshfield woman and her three year old daughter <u>may be</u> living in a garage at the above location, and was concerned about the heat. Contact was made with the woman and child, and <u>investigation revealed they are living in the upper apartment</u>, which is air conditioned. Human Services will follow up with the woman next week to assist with resources. <u>No concerns were noted for the welfare of the child or the woman</u>.*" (Just Decl. ¶ 2, Ex. A, p. 1) (Dkt. 68-1)

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (See Dkt. 82-3, p. 2; "The family was allegedly living in a garage…"). Further, the response attempts to add unresponsive additional immaterial facts, but it raises no dispute of the proposed fact. Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

      b.    Ms. Heinzen-Janz responded to the referral that same day and met with law enforcement outside of the residence on a day when it was 93 degrees. (Kaur Decl., Exh. C.)

Response:    No dispute.

**Reply**:    **Undisputed.**

      c.    Ms. Heinzen-Janz observed that the garage was set up like an apartment. (Kaur Decl., Exh. C.)

Response:    No dispute that this was defendant Heinzen-Janz's opinion.

**Reply**:    **Undisputed.**

      d.    Gilbank advised Ms. Heinzen-Janz that the arrangement in the garage was only a temporary housing option for her and T.E.H. (Kaur Decl., Exh. C.)

Response:    Disputed. Evidence referenced contradicts this statement. "This worker was able to make contact with plaintiff and T.E.H. in the apartment associated with the house. Plaintiff reported that she had just moved in this space <**the apartment**> with her former significant other. Her belongings are all in the garage as this <**the apartment**> is not a permanent housing option for her and T.E.H." (Kaur Decl., Exh. C.) and (CPS_File_2018_Part2, p. 2)(Dkt. 114-2, p.2)

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (See Dkt. 82-3, p. 2; "[Michelle] expressed her belongings are in the garage because this arrangement is only a temporary housing option…"). Additionally, the words "the apartment" which Plaintiff has attempted to add into the quoted language, are not supported by any admissible evidence. Fed. R. Civ. P. 56(c)(2). Finally, the response attempts to add unresponsive additional immaterial facts, but it raises no dispute of the proposed fact. Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

      e.        Gilbank testified at her deposition that she last used meth three weeks prior to that meeting. (Kaur Decl., Exh. A at 67.)

Response:        No dispute.

**Reply**:        **Undisputed.**

      f.        Gilbank did not disclose her drug use to Ms. Heinzen-Janz at that meeting. (Kaur Decl., Exh. A at 65.)

Response:        No dispute that plaintiff did not disclose this at the 06/29/2018 welfare check on plaintiff and T.E.H. due to domestic violence. Plaintiff **did**, however, disclose this on 07/03/2018 when defendant Heinzen-Janz returned to plaintiff's home under the guise of providing resources. (Dkt. 82-08, p.2, ¶4)

**Reply**:        **Plaintiff admits the proposed fact but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

g.     She testified that she did not feel the need to disclose her meth use to Ms. Heinzen-Janz because she last used three weeks ago and didn't "consider [herself] to be actively using." (Kaur Decl., Exh. A at 68.)

Response:     No dispute that plaintiff did not feel the need to disclose this information at the very brief interaction between defendant Heinzen-Janz and plaintiff on June 29, 2018. Plaintiff **did**, however, disclose this on 07/03/2018 when defendant Heinzen-Janz returned to plaintiff's home under the guise of providing resources. (Dkt. 82-08, p.2, ¶4)

**Reply**:     **Plaintiff admits the proposed fact but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

h.     At no point during the meeting did Ms. Heinzen-Janz attempt or threaten to remove T.E.H from Gilbank's care. (Kaur Decl., Exh. A at 87.)

Response:     No dispute. Defendant Heinzen-Janz implied that she was there to assist plaintiff and T.E.H. in finding safety from Ian Hoyle.

**Reply**:     **Plaintiff admits the proposed fact but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

i.     Ms. Heinzen-Janz discussed with Gilbank alternative housing options in the community, and scheduled a visit the following week to discuss more options. (Kaur Decl., Exh. C.)

Response:    Disputed. Evidence referenced does not support this statement. (Kaur Decl., Exh. C.) and (Dkt. 114-02, p.2) In fact, defendant Heinzen-Janz told plaintiff that she did not have time to help at this time, which is why plaintiff requested a further appointment the following week. (Dkt. 82-08, p.2, ¶4)

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (See Dkt. 82-3, p. 2; "Michelle acknowledged she would like to meet with this worker to discuss further housing options in the community, so an appointment was scheduled the following week."). Further, Plaintiff's response is not supported by any admissible evidence and, therefore, the Court should not consider it. Fed. R. Civ. P. 56(c)(2). Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

21.    Following the meeting with Gilbank, Ms. Heinzen-Janz learned that Gilbank had a significant history of drug use, including her August 2017 charge. (Heinzen-Janz Decl. ¶ 4.)

Response:    Disputed that this is a fact. Evidence shows that defendant Heinzen-Janz learned that plaintiff had ONE pending charged for possession, occurring a year prior, on 08/19/2017, and that T.E.H. was not in plaintiff's care on that date. Dispute that this is 'significant'. (Dkt. 82-02, p.1) (Dkt. 107-01, p.15, ¶3)

**Reply**:    **Plaintiff admits the majority of the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 80, ¶ 4.) Accordingly, the proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

22.     Following the meeting with Gilbank, Ms. Heinzen-Janz learned through law enforcement that Gilbank associates with several drug offenders including John Gates, who was with her when she was arrested in August 2017. (Heinzen-Janz Decl. ¶ 5.)

Response:     Disputed that this is a fact. Disputed that whom plaintiff associates with when not in the presence of T.E.H. is relevant to this case. No Dispute that Ian Hoyle was a drug offender, and that plaintiff had met many people that he associated with, including John Gates. No dispute that defendant Heinzen-Janz made this statement.

**Reply:**     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 80, ¶ 5; Dkt. 82-2.) Further, Plaintiff attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

23.     Following the meeting with Gilbank, Ms. Heinzen-Janz also learned that Gilbank had numerous other contacts with Child Protective Services. (Heinzen-Janz Decl. ¶ 6.)

Response:     Disputed. Plaintiff had had 1 other contact with Child Protective Services, in 2009. Dispute that this is 'numerous'. (Dkt. 107-01, p.52) Plaintiff had no contact with Child Protective Services for any of the reports that were "screened out", although plaintiff did meet with Marshfield Police Detective Jason Foemmel on September 1, 2017 due to Ian Hoyle making false allegations when plaintiff had left him previously. (Dkt. 114-03, p.11, ¶ 3)

**Reply:**     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 80, ¶ 6.) Indeed, the evidence**

**cited by Plaintiff to attempt to dispute the fact actually supports the proposed fact. (*See* Dkt. 107-1, pp. 14-15.) Further, Plaintiff attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The additional unsupported information is also immaterial, as it does not raise a dispute of the proposed fact. The proposed fact is undisputed.**

24.     On July 3, 2018, Ms. Heinzen-Janz and Detective Derek Iverson followed up with Gilbank as scheduled. (Kaur Decl., Exh. C.)

Response:     Disputed. Plaintiff's appointment with defendant Heinzen-Janz was at 1:30 PM on 07/03/2018. Defendant Heinzen-Janz did not show up. (Dkt. 107-01, p.17, ¶4) Defendants Inverson and Heinzen-Janz went to meet with Ian Hoyle on 07/03/2018 at 1:52 PM. (Dkt. 107-01, p.18) Defendant Heinzen-Janz finally arrived to plaintiff's home at 2:50 PM on 07/03/2018 with Defendant Iverson, who proceeded to interrogate plaintiff about drug usage. (Dkt. 107-01, p.19)

**Reply:     Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-3, p. 2.) Further, Plaintiff attempts to add unresponsive, immaterial information that does not raise a dispute of the proposed fact.  As such, the proposed fact is undisputed.**

a.     Gilbank was extremely put off by the presence of law enforcement. (Kaur Decl., Exh. C.)

Response:     No dispute. Plaintiff was suddenly being accused and interrogated instead of being helped to provide safety to T.E.H. Plaintiff was in shock, confused, and afraid.

**Reply**:        **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

b.      Ms. Heinzen-Janz advised Gilbank that it was typical for the Department and law enforcement to collaborate together when there were concerns regarding children. (Kaur Decl., Exh. C.)

Response:      Disputed. She actually said 'involving children' as though she was still responding to my request for assistance, though it was obvious to the plaintiff that defendant Heinzen-Janz had little interest in discussing the abuse that was occurring in the home, and plaintiff had no idea why. Also, defendant Heinzen-Janz was trained that it was not recommended to involve officers in a child welfare initial assessment, except when interviewing a child victim.

"*The CPS system and law enforcement system have similar purposes when interviewing an alleged child victim and are likely to use similar interviewing techniques. When interviewing other principles of the report, such as an alleged maltreater, however, purposes and therefore techniques of the two systems may diverge. As mentioned earlier, establishing and implementing safety and treatment plans with the family are CPS functions. CPS cannot be effective in fulfilling these functions without a working relationship with the family based on trust and mutual respect. CPS must lay the groundwork for this relationship during the Initial Assessment and introduce the agency to the family as a source of help. Trust must be established and maintained over an extended period of time, not just over the course of one or two interviews. This requires*

*honesty on the part of the CPS professionals in interacting with the family, as well as adherence to other social work casework principles, such as client self-determination, non-judgmental approach by the CPS professional, etc. Law enforcement officers, on the other hand, may use an interviewing strategy that employs a level of deception to obtain critical information or confessions leading to convictions. The need to maintain an ongoing working relationship with the family is not necessarily relevant to their purpose. Agreements in the MOU regarding interview responsibilities should reflect the above understanding.*" (1access-ia-standards, p.108-109)(dkt.114-01, p.108-109)

**Reply**:        **Plaintiff admits the majority of the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). Fed. R. Civ. P. 56(e)(2). Further, Plaintiff's response is not supported by any admissible evidence. Fed. R. Civ. P. 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

          c.        Gilbank admits that Ms. Heinzen-Janz had her permission to be there. (Kaur Decl., Exh. A at 75.)

<u>Response</u>:        No dispute. Plaintiff had made the appointment herself, although for an hour and a half prior.

**Reply**:        **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      d.     Gilbank admits that she did not ask Ms. Heinzen-Janz to leave. (Kaur Decl., Exh. A at 75.)

<u>Response</u>:    No dispute. Why would she? Plaintiff needed assistance, and defendant Heinzen-Janz had said that she could provide it.

**<u>Reply</u>:    Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      e.     Ms. Heinzen-Janz attempted to discuss with Gilbank the reports the Department and law enforcement had received regarding her methamphetamine use. (Kaur Decl., Exh. C.)

<u>Response</u>:    Disputed. Defendant Iverson brought up the two false accusations that Ian Hoyle had made in 2017, and that plaintiff informed defendant that she had already spoken with MPD Detective Foemmel at that time about the two false accusations that Ian Hoyle had made in 2017. Defendants did not offer any other reports.

**<u>Reply</u>:    Plaintiff's claimed dispute is not genuine as she did not cite any evidence to support her contention. Fed. R. Civ. P. 56(e). Further, Plaintiff attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The additional unsupported information is also immaterial, as it does not raise a dispute of the proposed fact. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      f.    Gilbank was extremely resistive and did not identify any issues. (Kaur Decl., Exh. C.)

<u>Response</u>: Disputed. Plaintiff immediately acknowledged her occasional methamphetamine use whenever she was asked. (Dkt. 107-01, p.19) "*I asked plaintiff if she is currently using any illegal drugs. Plaintiff told me that she last used methamphetamine approximately six months ago. Plaintiff stated that she uses it to medicate. Plaintiff explained that she would use it to help herself; similar to what someone would use Adderall for.*" (Dkt. 60-06, p.7) Although defendant Iverson is incorrect in stating "six months ago". Per defendant Heinzen-Janz's statements, it was 3 weeks ago, which is closer to correct. From my recollection of that time, it was 3-6 weeks prior to 07/03/2018. (Dkt. 102-03, p.2)

**<u>Reply</u>:** **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-3, p. 2 ("…related to Michelle's ongoing methamphetamine use. This worker tried to discuss with Michelle, however, she was extremely resistive, and did not identify that she has had any struggles….").) Further, Plaintiff attempts to add unresponsive additional information in her response, some of which is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The additional unsupported information is also immaterial, as it does not raise a dispute of the proposed fact. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      g.    At her deposition, Gilbank admitted that it was reasonable, given the concerns that Ms. Heinzen-Janz and Detective Iverson had received regarding her

methamphetamine use, for them to come speak with her regarding her use and assess the situation. (Kaur Decl., Exh. A at 209.)

<u>Response</u>:    No dispute, as plaintiff has now discovered the statements that Ian Hoyle made to defendants Heinzen-Janz and Iverson. On July 3, 2018, however, defendants were not honest with plaintiff and only hinted at the false accusations made by Ian Hoyle in 2017, which plaintiff had already spoken to MPD detective Jason Foemmel about. Defendants denied speaking with Ian Hoyle on July 3, 2018, even though they had just met with him 2 hours prior. Defendants did not inform plaintiff that there were any recent complaints, nor what the nature of any complaints might be. If defendants had addressed these concerns honestly with plaintiff, then plaintiff could have responded to them.

**<u>Reply</u>:**    **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

h.    Gilbank admitted to Ms. Heinzen-Janz and Detective Iverson that she had used meth in the past, but claimed she had not used in approximately three weeks. (Kaur Decl., Exh. C.)

<u>Response</u>:    No dispute, although this statement contradicts defendants' own proposed finding of fact #75-f.

**<u>Reply</u>:**    **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

i.    Ms. Heinzen-Janz asked Gilbank if she would be willing to provide a urinalysis to corroborate her statements. (Kaur Decl., Exh. C.)

<u>Response</u>:    Disputed. Defendant Iverson asked plaintiff if she was willing to provide a urine sample. (Exhibit PR-02_18-10265, p.8) (Dkt. 60-6, p.8)

**<u>Reply</u>:    Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-3, p. 2 ("This worker asked Michelle if she would be willing to cooperate with a UA to verify her statements; she agreed.").) Regardless, any dispute about who verbally made the request is immaterial; someone made the request and Plaintiff consented.**

j.    Gilbank agreed to provide the urinalysis. (Kaur Decl., Exh. C.)

<u>Response</u>:    No dispute.

**<u>Reply</u>:    Undisputed.**

k.    Gilbank does not dispute that she consented to providing the urinalysis on July 3, 2018. (Kaur Decl., Exh. A at 78; 163.)

<u>Response</u>:    No dispute.

**<u>Reply</u>:    Undisputed.**

l.    Gilbank spoke with Detective Iverson and Ms. Heinzen-Janz for approximately an hour. (Heinzen-Janz Decl. ¶ 7.)

<u>Response</u>:    Disputed. It was approximately 30 minutes. They arrived at 2:50 PM. **(Dkt. 107-01, p.19)** The UA was taken at 3:15 PM. **(Dkt. 99-02, p.1)** Defendants Iverson and Heinzen-Janz left shortly after receiving the UA.

**Reply**:        **Plaintiff's claimed dispute is not genuine as she did not cite any evidence to support her contention. Fed. R. Civ. P. 56(e).  As such, the proposed fact is undisputed.**

m.       Gilbank consented to the urinalysis immediately, without the need for repeated requests. (Heinzen-Janz Decl. ¶ 8.)

Response:     No dispute.

**Reply**:        **Undisputed.**

n.       Gilbank now claims she was scared and under duress when she provided the urinalysis. (Kaur Decl., Exh. A at 78.)

Response:     No dispute, because it is a fact. Plaintiff's child's safety was at issue, and there was an officer there. And plaintiff's abuser was now present because defendants had arrived so late. And nothing related to obtaining safety was occurring.

**Reply**:        **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

o.       Gilbank now asserts that she did not feel she could say no. (Kaur Decl., Exh. A at 78.)

Response:     No dispute, because it is a fact. Plaintiff's child's safety was at issue, and there was an officer there. And plaintiff's abuser was now present because defendants had arrived so late. And nothing related to obtaining safety was occurring.

**Reply**:        **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R.**

**Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The**
**proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      p.      When asked what, at her deposition, what, if anything, Ms. Heinzen-Janz
had done to make her think she had no choice when it came to providing the urinalysis,
Gilbank responded "nothing." (Kaur Decl., Exh. A at 79.)

Response:     No dispute, because it is a fact. Plaintiff's child's safety was at issue, and
there was an officer there. And plaintiff's abuser was now present because defendants had
arrived so late. And nothing related to obtaining safety was occurring. Plaintiff was instead
being interrogated, and defendant Heinzen-Janz was doing "nothing" about it.

**Reply:**     **Plaintiff admits the proposed fact, but attempts to add unresponsive**
**additional information in her response that is unsupported by any evidence. Fed. R.**
**Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The**
**proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      q.      She claimed that Mr. Heinzen-Janz's act of doing "nothing" meant she
could not say no to taking the urinalysis. (Kaur Decl., Exh. A at 79.)

Response:     No dispute, because it is a fact. Plaintiff's child's safety was at issue, and
there was an officer there. And plaintiff's abuser was now present because defendants had
arrived so late. And nothing related to obtaining safety was occurring. Plaintiff was instead
being interrogated, and defendant Heinzen-Janz was doing "nothing" about it.

**Reply:**     **Plaintiff admits the proposed fact, but attempts to add unresponsive**
**additional information in her response that is unsupported by any evidence. Fed. R.**
**Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The**
**proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

r.      The mere presence of an officer made her feel she could not say no. (Kaur Decl., Exh. A at 79.)

<u>Response</u>:      No dispute, because it is a fact. Plaintiff's child's safety was at issue, and there was an officer there. And plaintiff's abuser was now present because defendants had arrived so late. And nothing related to obtaining safety was occurring. Plaintiff was instead being interrogated, and defendant Heinzen-Janz was doing "nothing" about it.

**<u>Reply</u>:      Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

s.      Gilbank asserts that the consent was not voluntary because she was "put off by [Detective Iverson's] presence." (Kaur Decl., Exh. A at 78.)

<u>Response</u>:      Disputed. The evidence referred to does not support the statement.

"*A. Yes, because I was scared of his presence. Like Teri <defendant Heinzen-Janz> says, I was visibly put off by his presence there.*

*Q. So there's a difference between being put off and being scared or under duress, which is a term that you used in –*

*A. I was scared and definitely under duress. I've had terrible experiences with officers in the past, and I spoke with Derek about that at visits after that at length.*"

(Kaur Decl., Exh. A p. 78, lines 10-19.)

**<u>Reply</u>:      Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants – which Plaintiff also included in her response – directly supports the proposed fact. As such, the proposed fact is undisputed.**

t.      Gilbank admits that Ms. Heinzen-Janz did not physically touch her. (Kaur Decl., Exh. A at 88.)

Response:      No dispute.

**Reply:      Undisputed.**

u.      Neither Detective Iverson nor Ms. Heinzen-Janz asked to search Gilbank's home. (Kaur Decl., Exh. A at 210.)

Response:      Disputed. They asked to see both the garage and the apartment, and they noted that nothing appeared to be a safety concern. **(Dkt. 60-06, p.8)**

**Reply:      Plaintiff's claimed dispute is not genuine as she did not cite any evidence to support her contention. Fed. R. Civ. P. 56(e).  As such, the proposed fact is undisputed.**

v.      Neither Detective Iverson nor Ms. Heinzen-Janz attempted to remove T.E.H. from Gilbank's custody. (Kaur Decl., Exh. A at 92.)

Response:      No dispute that defendants Iverson and Heinzen-Janz did not attempt to remove T.E.H. from plaintiff's custody on 07/03/2018. In fact, they noted that there were no safety concerns, noted no concern for plaintiff's behavior, and noted that T.E.H. appeared in good health and well-cared for, in spite of the fact that they would come back on July 23, 2018 and inform plaintiff that her UA results on that day had tested "off the charts" for methamphetamine and amphetamine. They also did not threaten or attempt to remove T.E.H. from plaintiff's care on July 23, 2018. **(Dkt. 60-06, p.7-8)**

**Reply:      Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R.**

Civ. Pro. 56(e), 56(c)(2). **The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

w.      Neither Detective Iverson nor Ms. Heinzen-Janz threatened to remove T.E.H. from Gilbank's custody. (Kaur Decl., Exh. A at 205.)

Response:      No dispute that defendants Iverson and Heinzen-Janz did not verbally threaten to remove T.E.H. from plaintiff's custody on 07/03/2018.

**Reply**:      **Plaintiff admits the proposed fact, but attempts to add unresponsive additional information in her response that is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

x.      Gilbank, born December 2, 1972, was 45 years old on the date she provided the voluntary urinalysis. (Kaur Decl., Exh. C.)

Response:      No dispute that plaintiff was born on December 2, 1972. No dispute that plaintiff was 45 years old on 07/03/2018.

**Reply**:      **Undisputed.**

y.      Gilbank has an associate's degree in Arts and Sciences, and used to be employed as a database support specialist. (Kaur Decl., Exh. A at 14.)

Response:      No dispute.

**Reply**:      **Undisputed.**

25.      The results of Gilbank's urinalysis provided on July 3, 2018, were positive for amphetamines and methamphetamines. (Kaur Decl., Exh. C.)

Response:      Disputed. Plaintiff has disputed this since July 23, 2018 due to her initials forged on a consent form and a degradation of the chain of custody that resulted in plaintiff

being given the results of a UA that was received by the lab on 07/13/2018 and reported by the lab on 07/17/2018...14 days after defendant Heinzen-Janz took plaintiff's urine. **(Dkt. 99-02, p.1-2)**

**Reply**:     **Plaintiff's claimed dispute is not genuine as she did not cite any evidence to support her contention. Fed. R. Civ. P. 56(e).  Indeed, the evidence Plaintiff cited confirms the proposed fact. Further, Plaintiff attempts to add unresponsive additional information in her response, some of which is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The additional unsupported information is also immaterial, as it does not raise a dispute of the proposed fact. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

26.     On July 23, 2018, Ms. Heinzen-Janz and Detective Iverson followed up with Gilbank regarding the results of the urinalysis. (Kaur Decl., Exh. C.)

Response:     No dispute.

**Reply**:     **Undisputed.**

a.     Gilbank adamantly denied any use and expressed the results must be wrong. (Kaur Decl., Exh. C.)

Response:     Disputed. Plaintiff admitted to use 6 weeks prior to 07/23/2018 and admitted to smoking residue on 07/01/2018. **(Dkt. 82-01. p. 75, line 15) (Dkt. 82-01, p. 77, lines 1-17)**

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (See Dkt. 82-3, p. 2; "The results were provided to Michelle, and she adamantly denied any use and expressed the results**

**must be wrong."). Further, the response attempts to add unresponsive additional immaterial facts, but it raises no dispute of the proposed fact. Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

b.      Ms. Heinzen-Janz attempted to discuss with Gilbank all possibilities but Gilbank was unable to provide any possibilities for the positive urinalysis. (Kaur Decl., Exh. C.)

<u>Response</u>:      Disputed. Plaintiff informed defendant Heinzen-Janz that plaintiff was using Ian Hoyle's sinus inhaler, and that Ian Hoyle had warned her that it might cause a false positive. Defendant Heinzen-Janz took the bottle from plaintiff and recorded the ingredients, then informed plaintiff that she would check into it and get back to plaintiff, which she never did. "*Vicks 4-way*" **(Dkt. 99-02, p.3) (Dkt. 82-01, p.76, lines 13-25)**

**<u>Reply</u>:      Any dispute of fact is immaterial to the Defendants' pending motion.**

c.      Despite the positive results, neither Detective Iverson nor Ms. Heinzen-Janz threatened or attempted to arrest Gilbank at that point. (Kaur Decl., Exh. A at 211.)

<u>Response</u>:      No dispute.

**<u>Reply</u>:      Undisputed.**

d.      Despite the positive results, neither Detective Iverson nor Ms. Heinzen-Janz attempted to remove T.E.H. from Gilbank's custody. (Kaur Decl., Exh. A at 99.)

<u>Response</u>:      No dispute.

**<u>Reply</u>:      Undisputed.**

e.      Despite the positive results, neither Detective Iverson nor Ms. Heinzen-Janz threatened to remove T.E.H. from Gilbank's custody. (Kaur Decl., Exh. A at 99.)

<u>Response</u>:      No dispute.

<u>**Reply**</u>:          **Undisputed.**

       f.      Gilbank admits that based on these facts, there was no reason to believe that Detective Iverson or Ms. Heinzen-Janz were attempting to retaliate against her. (Kaur Decl., Exh. A at 211.)

<u>Response</u>:      No dispute.

<u>**Reply**</u>:          **Undisputed.**

       g.      Gilbank admits that based on these facts there was no conspiracy to do anything at this point. (Kaur Decl., Exh. A at 211.)

<u>Response</u>:      Disputed. In the referenced evidence, plaintiff attempts to correct herself because that is what plaintiff believed on July 23, 2018, but plaintiff has since learned that defendants were speaking with Ian Hoyle and going along with his fabricated story and investigating plaintiff for neglect of T.E.H. rather than assisting her in leaving an abusive and drug-using environment, as they claimed they were. **(Dkt. 82-01, p.211, lines 18-25)**

<u>**Reply**</u>:          **No dispute that Plaintiff attempted to correct her testimony and allege a conspiracy. However, the remainder of Plaintiff's response is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. Further, any dispute about whether she believed a conspiracy was occurring is immaterial to the Defendant's pending motion.**

      27.      On August 21, 2018, Officer Abel, the same officer involved in the August 2017 stop, pulled Gilbank over for driving with a suspended license. (Kaur Decl., Exh. D (Probable Cause Statement and Judicial Determination dated August 21, 2018.)

<u>Response</u>:      No dispute.

<u>**Reply**</u>:          **Undisputed.**

     a.     T.E.H. was with Gilbank at the time of the stop. (Kaur Decl., Exh. D.)

<u>Response</u>:    No dispute.

**<u>Reply</u>**:    **Undisputed.**

     b.     None of the Wood County Defendants were present at the scene of the stop. (Kaur Decl., Exh. E (Marshfield Police Department Offense Report of Officer Abel).)

<u>Response</u>:    No dispute.

**<u>Reply</u>**:    **Undisputed.**

     c.     Officer Abel alerted Detective Iverson of the stop and he arrived at the scene. (Kaur Decl., Exh. F (Marshfield Police Department Offense Report of Detective Iverson).)

<u>Response</u>:    Disputed. Officer Abel notified defendant Iverson of witnessing plaintiff driving, over an hour prior to the stop. Defendant Iverson then surveilled plaintiff's vehicle while plaintiff and T.E.H. were at an appointment at North Central Community Action, receiving rental assistance for an apartment that plaintiff had just found. Defendant Iverson then notified Officer Abel, when plaintiff and T.E.H. left their hour-long appointment, and informed Officer Abel of the direction that plaintiff was headed. **(Dkt. 82-06, p.1, ¶ 1-4)**

**<u>Reply</u>**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Indeed, the evidence Plaintiff cited confirms the proposed fact. Further, Plaintiff attempts to add unresponsive additional information in her response which is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). The Court should not consider her additional assertions. The additional unsupported information is also immaterial, as it does not raise a dispute of the proposed fact. The proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

       d.      Officer Abel requested a K9 to the scene. (Kaur Decl., Exh. D.)

<u>Response</u>:     Disputed. Officer Abel requested a K9 prior to ever making the traffic stop. **(Dkt. 60-08, p.7)**

**<u>Reply</u>:**     **Plaintiff's claimed dispute is not genuine because the evidence she cites in support does not support her contention. As such, the proposed fact is undisputed.**

       e.      The K9 unit arrived and alerted her to the presence of a controlled substance inside the vehicle. (Kaur Decl., Exh. D.)

<u>Response</u>:     No dispute.

**<u>Reply</u>:**     **Undisputed.**

       f.      A search of the vehicle revealed seven grams of methamphetamine inside of Gilbank's purse. (Kaur Decl., Exh. D.)

<u>Response</u>:     Disputed. Evidence referenced does not support this statement. *"...clear plastic gem bag that contained approximately 0.7 grams of a crystal like substance."* **(Dkt. 82-04, lines 6-7)**

**<u>Reply</u>:**     **No dispute as to the typographical error on the amount of methamphetamine located in Plaintiff's vehicle. (See Dkt. 82-4, p. 1; "…was located a clear plastic gem bag that contained approximately .7grams [*sic*] of a crystal like substance. That substance later field tested positive for Methamphetamine."). Plaintiff does not dispute the remainder of the proposed fact and, as such, it is undisputed.**

       g.      Also in the vehicle was a glass pipe containing white crystal-like residue along with three clear plastic gem bags containing a white crystal-like residue. (Kaur Decl., Exh. D.)

<u>Response</u>:       No dispute.

**<u>Reply</u>**:         **Undisputed.**

  h. Officer Abel took Gilbank into custody for Possession of Methamphetamine and Possession of Drug Paraphernalia. (Kaur Decl., Exh. E.)

<u>Response</u>:       No dispute.

**<u>Reply</u>**:         **Undisputed.**

  i. Gilbank contacted Mr. Hoyle to come take custody of T.E.H. (Kaur Decl., Exh. E.)

<u>Response</u>:       Disputed. Plaintiff contacted Ian Hoyle prior to any arrest, and requested that his mother and he come and temporarily take T.E.H. until plaintiff knew what was going on. (Dkt. 60-5)

**<u>Reply</u>**:         **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support the Plaintiff's response is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

  j. Gilbank contacted Mr. Gates to retrieve the vehicle. (Kaur Decl., Exh. E.)

<u>Response</u>:       No dispute.

**<u>Reply</u>**:         **Undisputed.**

28. Ms. Heinzen-Janz and Detective Iverson interviewed Gilbank on August 21, 2018, at the Marshfield Police Department. (Kaur Decl., Exh. F.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:          **Undisputed.**

      a.          The interview was audio and video recorded. (Kaur Decl., Exh. F.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:          **Undisputed.**

      b.          Gilbank does not dispute the accuracy of the August 21, 2018, video. (Kaur Decl., Exh. A at 164.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:          **Undisputed.**

      c.          Officer Iverson read Gilbank her Miranda rights. (Kaur Decl., Exh. F.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:          **Undisputed.**

      d.          Gilbank informed Officer Iverson that she did not want to answer any questions without a lawyer present. (Kaur Decl., Exh. F.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:          **Undisputed.**

      e.          Gilbank admits that Ms. Heinzen-Janz and Detective Iverson stopped questioning her regarding certain items. (Kaur Decl., Exh. A at 173.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:          **Undisputed.**

      f.          Gilbank alleges that that "they never went and got me an attorney." (Kaur Decl., Exh. A at 173.)

<u>Response</u>:     No dispute.

<u>Reply</u>:          **Undisputed.**

      g.    Officer Iverson informed Gilbank that he did not want to speak with her any further about the items that were located in her vehicle, but that he did want to speak with her regarding her drug use as it relates to T.E.H. (Kaur Decl., Exh. F.)

<u>Response</u>:          Disputed. Evidence referenced does not support this statement. Plaintiff is crying, anxious and visibly upset. She has asked for a lawyer from defendant Iverson and he ignores her and continues the questioning.

      *13:40:33 – Iverson – Unfortunately, I mean, there was drugs found in the vehicle and you and her were both in it, ok?*

      *13:40:40 – Gilbank – Well that vehicle was cleaned like 4 days ago. Spotless.*

      *13:40:44 – Iverson – Well, that was like, we're not gonna talk about it because you wanted a lawyer, ok? The first time we met, you told me that you medicated with it.*

      *13:40:57 – Iverson – You had a UA, and that UA came back positive for methamphetamines.*

      There is no clarification whatsoever that plaintiff no longer has the right to have an attorney present during questioning, as defendant Iverson has promised her. Plaintiff has no idea why defendant Iverson has not stopped questioning her and gotten her a lawyer so that she could cooperate fully. **(Dkt. 60-09 @ 13:40)**

<u>Reply</u>:          **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. As such, the proposed fact is undisputed.**

      h.    Gilbank refused to discuss her drug use with Officer Iverson or Ms. Heinzen-Janz. (Kaur Decl., Exh. F.)

<u>Response</u>:      Disputed. Plaintiff discusses her drug use at length with defendants Iverson and Heinzen-Janz. "*Since day one*", as defendant Iverson states. **(Dkt. 60-09 @ 13:37)**

**<u>Reply</u>**:      **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, the evidence cited by Plaintiff does not support Plaintiff's response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      i.      Ms. Heinzen-Janz and Officer Iverson advised Gilbank that they would be taking Temporary Physical Custody of T.E.H. (Kaur Decl., Exh. F.)

<u>Response</u>:      No dispute.

**<u>Reply</u>**:      **Undisputed.**

      j.      Ms. Heinzen-Janz had to make the determination of where to place T.E.H. (Heinzen-Janz Decl. ¶ 9.)

<u>Response</u>:      Disputed. T.E.H. had already been temporarily and adequately placed **by plaintiff** with T.E.H.'s grandmother and father. Defendant Heinzen-Janz was, in fact, barred from making that determination, by law. Because T.E.H. was in adequate care, and if they believed plaintiff was a harm to T.E.H., well, plaintiff was being arrested and thus separated from T.E.H. There was no emergency of immediate harm to T.E.H. by any logical conclusion. T.E.H. was in the care of her father, supervised by her grandmother, and arranged by plaintiff. **(Dkt. 60-05, ¶ 1-2)** T.E.H. was **never** removed from any surroundings due to imminent harm, which is **the only** exception that defendants had other than obtaining a warrant. Defendant Heinzen-Janz was required by law to provide evidence of probable cause to a judge, who would then issue a warrant giving defendant Heinzen-

Janz the authority to make custody determinations regarding T.E.H. – if that probable cause was sufficient.

"*Emergency circumstances are when a child is in imminent danger of physical harm and the CPS caseworker responds immediately to prevent harm. These emergency situations are defined as "instances in which the child is immediately threatened with harm, where there exists an immediate threat to the safety of the child, or where the child is left bereft of care and supervision, or where there is evidence of serious ongoing abuse and the officials have reason to fear imminent recurrence." [October 2003, "Constitutional Restrictions, Case Law, and State Legislative Provisions, on Investigative Actions by Child Protective Services," Howard Davidson and Jeannine Henderson, American Bar Association Center on Children and the Law.]*

*While an emergency does not have to equate to a "life or death situation", the CPS caseworker* **has to have** *reasonable cause to believe that,* **if she or he does not act***, the child will be put or remain at imminent risk of* **serious physical harm***. These are situations that constitute Present Danger Threats to a child's safety. This means that there is an immediate, significant, and* **clearly observable** *threat to a child* **<u>occurring in the present</u>** *that requires an immediate CPS response. Law enforcement, school or medical personnel, or others are often in a position to observe Present Danger Threats prior to the response by CPS. (See Child Protective Services Safety Intervention Standards Appendix 1: Definitions and Examples of Present Danger Threats to Child Safety).* **(Dkt. 114-01,[1] p. 11-12) (Dkt. 114-02,[2] p. 11-12) (Wis. Stat. § 48.19)**

---

[1] Plaintiff cited to "Dkt. 114-01," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-1, given the context of the proposed fact.
[2] Plaintiff cited to "Dkt. 114-02," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-2, given the context of the proposed fact.

**Reply**:          **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support some of the Plaintiff's response is inadmissible hearsay.** *See* **Fed. R. Evid. 801(c); Fed. R. Evid. 802. Plaintiff also failed to cite evidence to support the majority of her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

k.          Ms. Heinzen-Janz, in carrying out her duties as a social worker, placed T.E.H. in temporary physical custody with her father, Mr. Hoyle, the same individual Gilbank herself had chosen to place T.E.H. with following her arrest. (Heinzen-Janz Decl. ¶ 10.)

Response:          Disputed. Defendant Heinzen-Janz was, in fact, violating her duties as a social worker and committing a felony when she interfered in plaintiff's custody of her child without a warrant or emergency. **(See item j., above) (Dkt. 60-04, p.4, ¶4) (Dkt. 114-01,[3] p. 11-12)(Dkt. 114-02,[4] p. 11-12) (Wis. Stat. § 48.19)**

**Reply**:          **Plaintiff does not actually dispute the proposed fact, nor does she provide any evidence to support her response. Accordingly, the proposed fact is undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

---

[3] Plaintiff cited to "Dkt. 114-01," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-1, given the context of the proposed fact.
[4] Plaintiff cited to "Dkt. 114-02," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-2, given the context of the proposed fact.

l.      Ms. Heinzen-Janz did not evict Gilbank on August 21, 2018, or on any other date. (Heinzen-Janz Decl. ¶ 11.)

<u>Response</u>:      Disputed. This statement is perjurious. Defendant Heinzen-Janz and defendant Iverson informed Ian Hoyle on August 21, 2018, that he was to call the police if plaintiff attempted to return home. **(Dkt. 60-05)** On August 22, 2018, Ian Hoyle informed defendant Heinzen-Janz that he had changed the locks and that defendant Iverson had re-instructed him to call the police if plaintiff attempted to come home. **(Dkt. 114-02,[5] p.5)** On August 28, 2018, defendant Heinzen-Janz discussed with Ian Hoyle, "*ways to talk to T.E.H. and explain why plaintiff can't come home.*" **(Dkt. 114-02,[6] p.10)** In fact, plaintiff attempted to return home to retrieve warm clothing on 12/07/2018 and Ian Hoyle did call the police. The responding officer contacted defendant Heinzen-Janz, and she informed him that in her opinion, plaintiff was violating her visitation schedule, and should thus be arrested. Plaintiff was then arrested for bailjumping because she was on bond. **(Dkt.114-05,[7] p.2)**

Social worker who received a telephone accusation of abuse and threatened to remove child from the home unless the father himself left and who did not have grounds to believe the child was in imminent danger of being abused engaged in an arbitrary abuse of governmental power in ordering the father to leave. Croft v. Westmoreland Cty. Children and Youth Services (3rd Cir. 1997)

---

[5] Plaintiff cited to "Dkt. 114-02," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-2, given the context of the proposed fact.
[6] Plaintiff cited to "Dkt. 114-02," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-2, given the context of the proposed fact.
[7] Plaintiff cited to "Dkt. 114-05," which does not exist. The Wood County Defendants have responded assuming that Plaintiff intended to reference Dkt. 115-5, given the context of the proposed fact.

**evict**, *vb*. (15c) 1.To expel (a person, esp. a tenant), from real property, usu. by legal process. **Black's Law Dictionary, 11th edition**

<u>Reply</u>:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support some of the Plaintiff's response is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. Plaintiff also failed to cite evidence to support the majority of her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

       m.        Ms. Heinzen-Janz placed no restrictions on Gilbank with respect to her property. (Heinzen-Janz Decl. ¶ 12.)

<u>Response</u>:        Disputed. This statement is perjurious. **(see 28-l, above) (Dkt. 60-05) (Dkt. 114-02, p.5) (Dkt. 114-02, p.10) (Dkt.114-5, p.2)**

<u>Reply</u>:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support some of the Plaintiff's response is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. Plaintiff also failed to cite evidence to support the majority of her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

n.     Ms. Heinzen-Janz placed no restrictions on Gilbank with respect to her living arrangements. (Heinzen-Janz Decl. ¶ 13.)

<u>Response</u>:     Disputed. This statement is perjurious. **(see 28-l, above) (Dkt. 60-05) (Dkt. 114-02, p.5) (Dkt. 114-02, p.10) (Dkt.114-05, p.2)**

<u>**Reply**</u>:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support some of the Plaintiff's response is inadmissible hearsay.** *See* **Fed. R. Evid. 801(c); Fed. R. Evid. 802. Plaintiff also failed to cite evidence to support the majority of her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

o.     Ms. Heinzen-Janz did not believe that placing T.E.H. with her father would somehow constitute an unreasonable seizure of Gilbank or her belongings. (Heinzen-Janz Decl. ¶ 14.)

<u>Response</u>:     Disputed. This statement is perjurious. Evidence clearly shows otherwise. Defendant Heinzen-Janz instructed Ian Hoyle to call the police if plaintiff came to the home, was aware that Ian Hoyle had changed the locks and did not advise him not too, and advised police to arrest plaintiff when she attempted to pick up warm clothing. **(see 28-l, above) (Dkt. 60-05) (Dkt. 114-02, p.5) (Dkt. 114-02, p.10) (Dkt.114-05, p.2)**

<u>**Reply**</u>:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support some**

**of the Plaintiff's response is inadmissible hearsay.** *See* **Fed. R. Evid. 801(c); Fed. R. Evid. 802. Plaintiff also failed to cite evidence to support the majority of her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      p.    Gilbank was turned over to Officer Abel for booking procedures. (Kaur Decl., Exh. F.)

Response:    No dispute.

**Reply**:    **Undisputed.**

29.    Ms. Heinzen-Janz filed a Temporary Physical Custody Request on or around August 22, 2018. (Kaur Decl., Exh. G (Temporary Physical Custody Request).)

Response:    No dispute.

**Reply**:    **Undisputed.**

      a.    The Request notes that Gilbank had been taken into custody on August 21, 2018, by Detective Iverson, "after a traffic stop. .7 g of meth along with other drug paraphernalia were located on her possession. Michelle refused to acknowledge her drug use, and refused to cooperate with safety planning." (Kaur Decl., Exh. G.)

Response:    Disputed. The request does not note that plaintiff was taken into custody by defendant Iverson. No dispute that defendant Heinzen-Janz made the remaining false and misleading statements on the request. **(See #28-h, above)**

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-7, p. 1 ("Date and Time**

**Taken Into Custody" and "Taken Into Custody By" sections.) Defendants' proposed fact is, therefore, undisputed.**

b.    The Request noted that placement in the home was contrary to the welfare of T.E.H. because "[p]resent danger threats were identified in that the parent overly rejects intervention. Michelle refuses to acknowledge her addiction, and denied all attempts at safety planning. Based on her behavior safety in her care can't be ensured." (Kaur Decl., Exh. G.)

Response:      No dispute that defendant Heinzen-Janz made these statements to the court. Dispute that ANY evidence supports these statements.

*Plaintiff's were deprived of their right to procedural due process because the intentional use of fraudulent evidence into the procedures used by the state denied them the right to fundamentally fair procedures before having their child removed, a right included in Procedural Due Process.* Morris v. Dearborne (5th Cir. 1999)

**Reply:      Plaintiff does not actually dispute the proposed fact, nor does she provide any evidence to support her response. Accordingly, the proposed fact is undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

30.    Ms. Heinzen-Janz filed a Petition for Protection or Services on August 23, 2018. (Kaur Decl., Exh. H (Petition for Protection or Services).)

Response:      No dispute.

**Reply:      Undisputed.**

a.    The Petition notes that T.E.H. is in need of protection or services pursuant to Wis. Stat. § 48.13(10). (Kaur Decl., Exh. H.)

<u>Response</u>:        No dispute that defendant Heinzen-Janz made these statements to the court. Dispute that ANY evidence supports these statements.

**<u>Reply</u>:        Plaintiff does not actually dispute the proposed fact, nor does she provide any evidence to support her response. Accordingly, the proposed fact is undisputed.**

      b.        The Petition outlines the events of June 29, 2018, July 3, 2018, July 23, 2018, and August 21, 2018, as described herein. (Kaur Decl., Exh. H.)

<u>Response</u>:        Disputed.    The    petition    contains    the    same    false    statements, misrepresentations, and omissions of necessary facts that are disputed, argued, and disproven in plaintiff's responses to defendants' proposed facts in this document.

**<u>Reply</u>:        Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      c.        The Petition notes that Ms. Heinzen-Janz exhausted all efforts to safety plan with Gilbank, but she was unwilling to discuss her drug use or addiction in any capacity. (Kaur Decl., Exh. H.)

<u>Response</u>:        No dispute that defendant Heinzen-Janz made these statements to the court. Dispute that ANY evidence supports these statements. Gilbank discusses her drug use at length throughout **(Dkt. 60-09)** "*Since day one*", as defendant Iverson states. **(Dkt. 60-09 @ 13:37)** and when defendant Heinzen-Janz first offers to help come up with a plan that allows plaintiff and T.E.H. to remain together, plaintiff agrees with each of her safety

requirements and plaintiff states that she will do whatever she needs to do to take care of her daughter. **(Dkt. 60-09 @ 13:36:40)** Plaintiff also informs defendants that she has received assistance for safe housing on that very same day, and that plaintiff has a mental health appointment scheduled for the very next day. Both of these are safety measures that plaintiff was already taking on her own and they are discussed during the interrogation. **(Dkt. 60-09 @ 13:28:10)**

**Reply**:          **Plaintiff does not actually dispute the proposed fact. Accordingly, the proposed fact is undisputed.**

       d.          Based on Gilbank's lack of cooperation, the Petition notes that "present danger threats were identified in that the parent overtly rejects intervention and the parent is intoxicated now or is consistently under the influence, therefore, the Department took Temporary Physical Custody" and placed T.E.H with Mr. Hoyle. (Kaur Decl., Exh. H.)

Response:          Disputed that plaintiff exhibited any lack of communication. Dispute that plaintiff was ever offered intervention, although plaintiff was continuously requesting it. Dispute that plaintiff was intoxicated at that time. Dispute that plaintiff was consistently under the influence. No dispute that defendant Heinzen-Janz made these false statements on the petition. In the alternative, "*Under Wisconsin statute 48.24 sub. (2) (b), a parent is not required to cooperate, and a refusal to cooperate cannot be used as evidence supporting a CHIPS petition. Sheboygan County Department of Health and Human Services v. Jodell G. 2001 WI App 18, 240 Wis. 2d 516, 625 N.W.2d 307, 00-1618.*" Yet, defendant Heinzen-Janz does just that and bases her petition on what she claims is plaintiff's "lack of cooperation", which is really just plaintiff telling defendant Heinzen-

Janz how she is protecting T.E.H. and requesting help in protecting T.E.H., which, for some unknown reason, is not what defendant Heinzen-Janz wants to hear. **(Dkt. 82-08, p.2, ¶ 7)**

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the petition; her response addresses the merits of the petition, which are not at issue. Accordingly, the proposed fact is undisputed.**

e.    The Petition notes that Ms. Heinzen-Janz identified ongoing concerns related to Gilbank's chronic meth use. "Her view of methamphetamine use appears romanticized, like it's a magic cure. She has maintained her denial despite her positive UA, and being caught with .7 grams of methamphetamine in her possession. Michelle has demonstrated minimal effort and cooperation during the initial assessment. Her continued drug use has exploited her marginal ability to protect the child therefore demonstrating the precedence of her needs and wants. Michelle has minimally insight as to how her substance use has affected [T.E.H.], and has failed to acknowledge the severity of the unpredictable and dangerous nature the drug culture projects and how this directly jeopardizes her child's safety." (Kaur Decl., Exh. H.)

Response:    Disputed that any of these statements are factual. No dispute that defendant Heinzen-Janz made these false statements on the petition.

**Reply**:    **Plaintiff does not actually dispute the proposed fact. Accordingly, the proposed fact is undisputed.**

f.    The Petition notes that "Michelle allowed individuals allowed in methamphetamine use/sales regular access to her children." (Kaur Decl., Exh. H.)

Response:    Disputed that any of these statements are factual. No dispute that defendant Heinzen-Janz made these false statements on the petition. "*Never around my daughter.*

44

*Never.*" **(Dkt. 60-09 @ 13:37)** Defendant Heinzen-Janz offers NO evidence of this statement, other than plaintiff admitting that Ian Hoyle was often drunk or high. By placing T.E.H. with Ian Hoyle, defendant Heinzen-Janz, herself, has allowed individuals involved in methamphetamine use/sales regular access to T.E.H. **unsupervised**.

<u>Reply</u>:          **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the petition; her response challenges the truth of the content of the petition, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

       g.    The Petition notes that Gilbank has "failed to recognize these extremely dangerous situations created from her behaviors and the behaviors others placed her child at repeated risk for imminent harm." (Kaur Decl., Exh. H.)

<u>Response</u>:    Disputed that any of these statements are factual. No dispute that defendant Heinzen-Janz made these false statements on the petition.

<u>Reply</u>:          **Plaintiff does not actually dispute the proposed fact. Accordingly, the proposed fact is undisputed.**

       h.    The Petition requests, based on the above information, for T.E.H. to be found a child in need of protection and services under Wis. Stat. § 48.13(10) whose parent, guardian, or legal custodian neglects, refuses, or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care, or shelter so as to seriously endanger the physical health of the child. (Kaur Decl., Exh. H.)

Response:    Disputed that any of these statements are factual. All claims state that T.E.H. was well-cared for. Plaintiff was actively requesting help finding safe shelter, so is hardly neglecting or refusing that. No dispute that defendant Heinzen-Janz made these false statements on the petition. **(Dkt. 82-08, p.2, ¶ 3)**

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the petition; her response challenges the truth of the content of the petition, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

31.    The Temporary Physical Custody Hearing was scheduled for August 23, 2018. (Heinzen-Janz Decl. ¶ 15.)

Response:    No dispute.

**Reply**:    **Undisputed.**

32.    Ms. Heinzen-Janz provided Notice of the hearing to the Wood County Jail, where Gilbank was an inmate. (Kaur Decl., Exh. I (Heinzen-Janz Case Note dated August 22, 2018).)

Response:    Disputed. Defendant Heinzen-Janz states that she made a phone call. **(Dkt. 82-09)** Per Wisconsin Statute 48.21(3)(b) - *Prior notice of the hearing shall be given to the child's parent, guardian, legal custodian, and Indian custodian, to the child if he or she is 12 years of age or older and, if the child is an expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., to the unborn child, through the unborn child's guardian ad litem, under s. 48.20 (8).*

Per Wisconsin Statute 48.21(3)(d) - *Prior to the commencement of the hearing, the court shall inform the parent, guardian, legal custodian, or Indian custodian of the allegations that have been made or may be made, the nature and possible consequences of this hearing as compared to possible future hearings, the right to present, confront, and cross-examine witnesses.*

Per Wisconsin Statute 48.21(3)(e) - *If the request is made, a rehearing shall take place as soon as possible. An order to hold the child in custody shall be reheard for good cause, whether or not counsel was present.*

Per Wisconsin Statute 48.27(3)(a) 1. – "***If the petition that was filed relates to facts concerning a situation under s. 48.13, the court shall notify***, *under s. 48.273, the child,* ***any parent***, *of all hearings involving the child except hearings on motions for which notice must be provided only to the child and his or her counsel.* ***The first notice to any interested party***, *foster parent, or other physical custodian described in s. 48.62 (2)* ***shall be in writing*** *and may have a copy of the petition attached to it. Notices of subsequent hearings may be given by telephone at least 72 hours before the time of the hearing.*"

Per Wisconsin Statute 48.273 (1) (ar) - "*Except as provided in par. (b), if the person fails to appear at the hearing or otherwise to acknowledge service, a continuance shall be granted and service shall be made personally by delivering to the person a copy of the summons or notice;*"

No explanation of how defendant Heinzen-Janz expected to provide this notice, in writing, in person, as required by statute. **(Dkt. 82-09)**

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (*See also* Dkt. 115-4.) Further, her**

**response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5. Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

33.     Wood County Jail confirmed that Gilbank was still an inmate and that she would be provided notice and brought to the Temporary Physical Custody hearing on August 23, 2018. (Kaur Decl., Exh. I.)

Response:     Disputed. Plaintiff was being released. Dispute that Wood County Jail was even **able** to provide plaintiff with a notice that meets statutory requirements (**above #32**), as they are stated to have received a phone call rather than a written notice, as is required. **(Dkt. 82-09)**

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

34.     Gilbank alleges that she did not *receive* notice of the Temporary Physical Custody hearing. (Kaur Decl., Exh. A at 116-17.)

Response:     No dispute. Plaintiff alleges this because it is true.

**Reply**:     **Undisputed.**

35.    A Temporary Physical Custody Hearing was held on August 23, 2018, with Judge

Gregory J. Potter presiding. (Kaur Decl., Exh. J (Temporary Physical Custody Hearing Transcript)

at 1.)

Response:    No dispute.

**Reply**:    **Undisputed.**

a.    Gilbank was not present at the hearing. (Kaur Decl., Exh. J at 2.)

Response:    No dispute.

**Reply**:    **Undisputed.**

b.    Gilbank asserts that she did not receive timely Notice of the hearing. (Kaur

Decl., Exh. A at 116.)

Response:    No dispute. Plaintiff did not receive **any** notice of the hearing.

**Reply**:    **Plaintiff does not actually dispute the proposed fact. Further, Plaintiff's**

**assertions are non-responsive to the proposed fact, unsupported by evidence, and the**

**Court should not consider it. Fed. R. Civ. P. 56(c); (e). As such, the proposed fact is**

**undisputed.**

c.    Assistant District Attorney, Chimere Nwankwo, appeared on behalf of the

state at the hearing. (Kaur Decl., Exh. J at 2.)

Response:    No dispute.

**Reply**:    **Undisputed.**

d.    Ms. Heinzen-Janz appeared on behalf of the Department at the hearing.

(Kaur Decl., Exh. J at 2).

Response:    No dispute.

**Reply**:    **Undisputed.**

     e.     Guardian ad litem, Stephen E. Walzak, appeared on behalf of T.E.H. at the hearing. (Kaur Decl., Exh. J at 2.)

<u>Response</u>:     Disputed. Stephen E. Walzak was not able to appear on the behalf of T.E.H. because he had not met statutory requirements. He had never met T.E.H. or spoken with T.E.H., and his assessment was entirely based on defendant Heinzen-Janz's false and misleading statement to the court.

Per Wisconsin Statute 48.235(3) (b) *In addition to any other duties and responsibilities required of a guardian ad litem, a guardian ad litem appointed for a child who is the subject of a proceeding under s. 48.13 or for an unborn child who is the subject of a proceeding under s. 48.133 shall do all of the following:*

*1. Unless granted leave by the court not to do so, personally, or through a trained designee, meet with the child or expectant mother of the unborn child, assess the appropriateness and safety of the environment of the child or unborn child and, if the child is old enough to communicate, interview the child and determine the child's goals and concerns regarding his or her placement.*

**<u>Reply</u>:     Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

      f.     Ms. Hoyle appeared, via telephone, without counsel, at the hearing. (Kaur Decl., Exh. J at 2.)

<u>Response</u>:    No dispute.

**<u>Reply</u>:    Undisputed.**

      g.     Assistant District Attorney Chimere Nwankwo informed Ms. Heinzen-Janz that Gilbank had bonded out of jail. Ms. Heinzen-Janz notes that, at the Temporary Physical Custody hearing, she verbalized her efforts to notify Gilbank of the hearing. (Kaur Decl., Exh. K (Heinzen-Janz Case Note dated August 23, 2018).)

<u>Response</u>:    Disputed. We do not need to refer to defendant Heinzen-Janz notes to determine this, because we have the actual court transcript. The only mention made to the court regarding notifying the plaintiff of this hearing, was made by Mr. Nwankwo – "*The mother had stated earlier to the social worker that she intended to contest this, but is not here.*" **(Dkt. 82-10, p.2, lines 17-18)** Defendant Heinzen-Janz actually had this conversation with ADA Nwankwo on 09/07/2018 over the phone. **(Dkt. 114-02, p.18 note 60)**

**<u>Reply</u>:    Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact, which clearly refers to a conversation which took place prior to the commencement of the legal proceedings which were transcribed. As such, Plaintiff's assertion is non-responsive to the proposed fact. Defendants' proposed fact is, therefore, undisputed.**

      h.     The Guardian ad litem advised the Court that "it's [his] that it's in the best interest of [T.E.H.], whose date of birth is 8/5/2014, that the temporary physical custody request be granted; that she be placed with her father, Ian Hoyle." (Kaur Decl., Exh. J at 3.)

<u>Response</u>:        No dispute that Stephen E. Walzak made this statement. Dispute that he was qualified to make any recommendation. (see #35-e)

**<u>Reply</u>:        Plaintiff does not actually dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Accordingly, the Defendants' proposed fact is undisputed as a matter of law. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

      i.        Judge Potter found, at the Temporary Physical Custody hearing, "<u>*that probable cause exists to believe that the parent or guardian or legal custodian, that being the mother, is neglecting or unable to provide the adequate supervision and care*</u>…" (Kaur Decl., Exh. J at 3.)

<u>Response</u>:        No dispute that Judge Potter made this ruling. Dispute that this ruling was made with any evidence other than the petition filed by defendant HeinzenJanz. Court moves forward from this point with defendant Heinzen-Janz, Mr. Nwankwo, Mr. Walzak, and Judge Potter, all making recommendations to the court based solely on the false, inaccurate, incomplete, and misleading statement made in defendant Heinzen-Janz's petition to the court. Plaintiff has not been heard, and will not be heard by the court for another 33 days.

      *Plaintiff's were deprived of their right to procedural due process because the intentional use of fraudulent evidence into the procedures used by the state denied them the right to fundamentally fair procedures before having their child removed, a right included in Procedural Due Process.* Morris v. Dearborne (5th Cir. 1999)

<u>Reply</u>:          **Plaintiff does not actually dispute the proposed fact, which relates to the judge's ruling; her response challenges the correctness of the judge's ruling, which is not at issue. Further, Plaintiff's assertions are non-responsive to the proposed fact, unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Accordingly, the Defendants' proposed fact is undisputed as a matter of law. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

j.      Judge Potter ordered that T.E.H. be placed with her father until the next hearing, scheduled for September 19, 2018. (Kaur Decl., Exh. J at 4.)

<u>Response</u>:      No dispute that Judge Potter made this ruling. One of the many blatant omission that defendant Heinzen-Janz falsified on her court petition was that there was an existing custody order, ruling that Ian Hoyle's visits with T.E.H. be supervised. On 08/21/2018, Defendant Heinzen-Janz testified to the court, under oath, that there was no other proceeding concerning T.E.H. pending in Wisconsin or any other state. **(Dkt. 114-06, p.1)** On 07/03/2018, Ian Hoyle informed defendant Heinzen-Janz and defendant Iverson that he was required to have supervised visitation. **(Dkt. 60-06, p.6)**

<u>Reply</u>:          **Plaintiff does not actually dispute the proposed fact, which relates to the judge's ruling; her response challenges the correctness of the judge's ruling, which is not at issue. Further, Plaintiff's assertions are non-responsive to the proposed fact, unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Accordingly, the Defendants' proposed fact is undisputed as a matter of law. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

36.    On August 23, 2018, Judge Potter signed an Order for Temporary Physical Custody. (Kaur Decl., Exh. L (Order for Temporary Physical Custody).)

Response:    No dispute. (See #35-I, above)

**Reply**:    **Undisputed.**

a.    Pursuant to the Order, the Court found that T.E.H. was in the jurisdiction of the court under Wis. Stat. § 48.13(10). (Kaur Decl., Exh. L.)

Response:    No dispute. (See #35-I, above)

**Reply**:    **Undisputed.**

b.    The Court found that probable cause existed to believe that T.E.H. will be subject to injury by others and that Gilbank was neglecting and unable to provide adequate supervision and care. (Kaur Decl., Exh. L.)

Response:    No dispute that the Court checked boxes on a form based on defendant Heinzen-Janz statements. (See #35-I, above) In order to find probable cause, the Court was required to determine if reasonable efforts were made to keep T.E.H. with plaintiff. The court did not make this determination. "*Efforts made to prevent removal and return the child safely to the home include: <blank>*" **(Dkt. 82-07, p.2) (Dkt. 82-12, p.2, #2)**

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the judge's findings; her response challenges the correctness of the judge's findings, which is not at issue. Further, Plaintiff's assertions are non-responsive to the proposed fact, unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Accordingly, the Defendants' proposed fact is undisputed as a matter of law. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

      c.      The Court adopted placement with Mr. Hoyle. (Kaur Decl., Exh. L.)

<u>Response</u>:     No dispute that Judge Potter made this ruling. One of the many blatant omission that defendant Heinzen-Janz falsified on her court petition was that there was an existing custody order, ruling that Ian Hoyle's visits with T.E.H. be supervised. On 08/21/2018, Defendant Heinzen-Janz testified to the court, under oath, that there was no other proceeding concerning T.E.H. pending in Wisconsin or any other state. **(Dkt. 114-06, p.1)** On 07/03/2018, Ian Hoyle informed defendant Heinzen-Janz and defendant Iverson that he was required to have supervised visitation. **(Dkt. 60-06, p.6, ¶ 2)**

**<u>Reply</u>:     Plaintiff does not actually dispute the proposed fact, which relates to the judge's placement decision; her response challenges the documentation submitted for the proceedings, which is not at issue. Further, Plaintiff's assertions are non-responsive to the proposed fact, unsupported by evidence, premised on hearsay, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

37.     An Original Disposition Report to the Court was filed on September 13, 2018. (Kaur Decl., Exh. C.)

<u>Response</u>:     No dispute. (See #35-I, above)

**<u>Reply</u>:     Undisputed.**

      a.      The Disposition Report outlines the same facts as outlined in the Petition. (Kaur Decl., Exh. C.)

<u>Response</u>:     Disputed. (See #35-I, above) Plaintiff has provided evidence throughout this response that many of the statements made in the disposition report are not facts.

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the disposition report; her response challenges the truth of the content of the disposition report, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

b.    The Disposition Report further notes that, over the course of the assessment, Gilbank provided minimal insight into her past and/or current AODA struggles. It notes that an assessment completed in 2009 indicated both Gilbank's mental health and AODA struggles had been chronic. (Kaur Decl., Exh. C.)

Response:    No dispute that defendant Heinzen-Janz made these statements. Dispute that defendant Heinzen-Janz failed to inform the court that plaintiff had been forthcoming about her mental health and AODA struggles, that plaintiff was aware she was self-medicating, and that plaintiff had sought out defendant Heinzen-Janz and requested assistance in finding mental health services so that plaintiff could be prescribed needed mental health medications. These omissions deprived the court of the ability to impartially provide justice. **(Dkt. 82-08, p.2, ¶ 5)**

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the disposition report. Plaintiff's assertions are non-responsive to the proposed fact. Further, the evidence Plaintiff cited in her response does not support her contention. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

     c.     Based on the foregoing, the Disposition Report recommended that T.E.H. remain in the care of her father, Mr. Hoyle. (Kaur Decl., Exh. C.)

<u>Response</u>:     No dispute that defendant Heinzen-Janz made these statements. Dispute that reasonable efforts were made to return T.E.H. to plaintiff's custody, as required by law. In order to find probable cause, the Court was required to determine if reasonable efforts were made to keep T.E.H. with plaintiff. The court did not make this determination. "*Efforts made to prevent removal and return the child safely to the home include: <blank>*" **(Dkt. 82-07, p.2) (Dkt. 82-12, p.2, #2)**

**<u>Reply</u>:**     **Plaintiff does not actually dispute the proposed fact, which relates to the content of the disposition report. Plaintiff's assertions are non-responsive to the proposed fact. Further, the evidence Plaintiff cited in her response does not support her contention. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

     d.     The Disposition Report further notes that on August 22, 2018, Ms. Heinzen-Janz provided a notice of hearing to the Wood County Jail. The Wood County Jail confirmed that Gilbank was still an inmate and that she would be provided notice and brought to the Temporary Physical Custody hearing on August 23, 2018. (Kaur Decl., Exh. C.)

<u>Response</u>:     Disputed. Defendant Heinzen-Janz states that she made a phone call. Per Wisconsin Statute 48.21(3)(b) - *Prior notice of the hearing shall be given to the child's*

57

*parent, guardian, legal custodian, and Indian custodian, to the child if he or she is 12 years of age or older and, if the child is an expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., to the unborn child, through the unborn child's guardian ad litem, under s. 48.20 (8).*

Per Wisconsin Statute 48.21(3)(d) - *Prior to the commencement of the hearing, the court shall inform the parent, guardian, legal custodian, or Indian custodian of the allegations that have been made or may be made, the nature and possible consequences of this hearing as compared to possible future hearings, the right to present, confront, and cross-examine witnesses.*

Per Wisconsin Statute 48.21(3)(e) - *If the request is made, a rehearing shall take place as soon as possible. An order to hold the child in custody shall be reheard for good cause, whether or not counsel was present.*

Per Wisconsin Statute 48.27(3)(a) 1. – "*If the petition that was filed relates to facts concerning a situation under s. 48.13, the court shall notify, under s. 48.273, the child, any parent, of all hearings involving the child except hearings on motions for which notice must be provided only to the child and his or her counsel. **The first notice to any interested party**, foster parent, or other physical custodian described in s. 48.62 (2) **shall be in writing** and may have a copy of the petition attached to it. Notices of subsequent hearings may be given by telephone at least 72 hours before the time of the hearing.*"

Per Wisconsin Statute 48.273 (1) (ar) - "*Except as provided in par. (b), if the person fails to appear at the hearing or otherwise to acknowledge service, a continuance shall be granted and service shall be made personally by delivering to the person a copy of the summons or notice;*"

**Reply**:          **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (*See also* Dkt. 115-4.) Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5. Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

       e.     The Disposition Report further notes that at the Temporary Physical Custody hearing, the ADA informed Ms. Heinzen-Janz that Gilbank had bonded out of jail. Ms. Heinzen-Janz notes that, at the Temporary Physical Custody hearing, she verbalized her efforts to notify Gilbank of the hearing. (Kaur Decl., Exh. C.)

Response:          Disputed. Transcript of court hearing does not support these statements. **(Dkt.82-10, p.2)** No dispute that defendant Heinzen-Janz made these statements.

**Reply**:          **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact, which clearly refers to a conversation which took place prior to the commencement of the legal proceedings which were transcribed. (*See also* Dkt. 82-11.) As such, Plaintiff's assertion is non-responsive to the proposed fact. Defendants' proposed fact is, therefore, undisputed.**

       f.     The Disposition Report further notes that since the intervention on August 21, 2018, Gilbank's cooperation with the Department had further decreased. (Kaur Decl., Exh. C.)

Response:          Disputed. **(Dkt.114-02, p.10 note32, p.12 note37, p.13 note43, p.13 note44, p.14 note45, p.15-16 note50, p.16 note51, p.16-17 note53, p.18 note61, p.19 note63, p.20 note67-68)** No dispute that defendant Heinzen-Janz made these statements.

**Reply**:        **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the disposition report; her response challenges the truth of the content of the disposition report, which is not at issue. Defendants' proposed fact is, therefore, undisputed.**

g.    The Disposition Report further notes that Gilbank continued to maintain her denial regarding drug use but did admit to meth use on August 23, 2018. (Kaur Decl., Exh. C.)

Response:    Disputed. Defendant Heinzen-Janz asked plaintiff when she last used methamphetamines and plaintiff responded that it was the first week of June 2018, aside from the residue that plaintiff had told defendant Heinzen-Janz about on 07/01/2018. Defendant Heinzen-Janz implied that plaintiff was lying and not cooperating, and so plaintiff sarcastically <and stupidly> replied to defendant Heinzen-Janz that plaintiff had used after defendant Heinzen-Janz lied to the court and held the cause hearing without her. Plaintiff is often defensive of her pain with sarcasm. It is a negative quality that plaintiff has. Plaintiff was attempting to communicate to defendant Heinzen-Janz how traumatizing her unlawful acts had been to plaintiff. Instead, plaintiff caused further damage to her ability to protect T.E.H. No dispute that defendant Heinzen-Janz made these statements.

**Reply**:        **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the disposition report; her response challenges the truth of the content of the disposition report, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      h.     The Disposition Report further requests that T.E.H. to be found a child in need of protection and services under Wis. Stat. § 48.13(10) whose parent, guardian, or legal custodian neglects, refuses, or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care, or shelter so as to seriously endanger the physical health of the child. (Kaur Decl., Exh. C.)

Response:     No dispute that defendant Heinzen-Janz made these statements. Dispute that plaintiff has ever neglected, refused, or was unable for any reasons to provide necessary care, food, clothing, medical or dental care, or shelter so as to seriously endanger the physical health of the T.E.H..

**Reply**:     **Plaintiff does not actually dispute the proposed fact, which relates to the contents of the disposition report; her response challenges the truth of the content of the disposition report, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

38.     A Plea/Disposition Hearing was held on September 19, 2018, with Judge Nicholas J. Brazeau, Jr. presiding. (Kaur Decl., Exh. M (Plea/Disposition Hearing Transcript) at 1.)

Response:     No dispute.

**Reply**:     **Undisputed.**

      a.     Assistant District Attorney, Chimere Nwankwo, appeared on behalf of the state at the hearing. (Kaur Decl., Exh. M at 2.)

Response:     No dispute.

**Reply**:     **Undisputed.**

b.      Guardian ad litem, Stephen E. Walzak, appeared on behalf of T.E.H. at the hearing. (Kaur Decl., Exh. M at 2.)

<u>Response</u>:      Disputed. (See #33-e, above)

**<u>Reply</u>:      Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

c.      Gilbank was present at the hearing. (Kaur Decl., Exh. A. at 119).

<u>Response</u>:      No dispute.

**<u>Reply</u>:      Undisputed.**

d.      Gilbank was represented by counsel, Attorney Jessica Phelps, at the hearing. (Kaur Decl., Exh. M at 2.)

<u>Response</u>:      No dispute.

**<u>Reply</u>:      Undisputed.**

e.      Mr. Hoyle appeared, via telephone, without counsel, at the hearing. (Kaur Decl., Exh. M at 2.)

<u>Response</u>:      No dispute.

**<u>Reply</u>:      Undisputed.**

      f.      Prior to the hearing, Gilbank filed a Motion to Dismiss based partly on her allegation that she did not have Notice of the Temporary Physical Custody Hearing. (Kaur Decl., Exh. X (Respondent's Motion to Dismiss filed on September 5, 2018).)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:     **Undisputed.**

      g.      Judge Brazeau noted that Gilbank arrived 11 minutes late to the hearing. (Kaur Decl., Exh. M at 2.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:     **Undisputed.**

      h.      Judge Brazeau denied Gilbank's motion to dismiss, noting there was "no basis [for it] at all…" (Kaur Decl., Exh. M at 2.)

<u>Response</u>:     No dispute that Judge Brazeau made this denial without giving plaintiff any opportunity to be heard.

**<u>Reply</u>**:     **Plaintiff does not actually dispute the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      i.      Gilbank asked the Court to reopen the Temporary Physical Custody hearing. (Kaur Decl., Exh. M at 3.)

<u>Response</u>:     No dispute.

**<u>Reply</u>**:     **Undisputed.**

j.      Judge Brazeau denied Gilbank's request to reopen the Temporary Physical Custody hearing noting that it had to be hearing on an emergency basis. (Kaur Decl., Exh. M at 3.)

Response:      No dispute that Judge Brazeau made this denial in violation of Wisconsin Statute 48.01 - *Title and legislative purpose. (ad) To provide judicial and other procedures through which children and all other interested parties are assured fair hearings and their constitutional and other legal rights are recognized and enforced, while protecting the public safety and Wisconsin Statute (3) Proceedings concerning children in need of protection or services and unborn children in need of protection or services and their child expectant mothers.* and

*(ag) Proceedings concerning a child who comes within the jurisdiction of the court under s. 48.13 or an unborn child and a child expectant mother of the unborn child who come within the jurisdiction of the court under s. 48.133 shall be conducted according to this subsection.* And

*(am) The parent, guardian, legal custodian, or Indian custodian may waive his or her right to participate in the hearing under this section. **After any waiver, a rehearing shall be granted at the request of the parent, guardian, legal custodian, Indian custodian, or any other interested party for good cause shown**,* and

*(b) If present at the hearing, a copy of the petition or request shall be given to the parent, guardian, legal custodian, or Indian custodian, and to the child if he or she is 12 years of age or older, before the hearing begins. If the child is an expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., a copy of the petition shall also be given to the unborn child's guardian ad litem before the hearing begins. Prior*

*notice of the hearing shall be given to the child's parent, guardian, legal custodian, and Indian custodian, to the child if he or she is 12 years of age or older and, if the child is an expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., to the unborn child's guardian ad litem under s. 48.20 (8).* and

*(d) Prior to the commencement of the hearing, the court shall inform the parent, guardian, legal custodian, or Indian custodian of the allegations that have been made or may be made, the nature and possible consequences of this hearing as compared to possible future hearings, the right to counsel under s. 48.23, the right to present, confront, and cross-examine witnesses, and, in the case of a parent or Indian custodian of an Indian child who is the subject of an Indian child custody proceeding under s. 48.028 (2) (d) 2., the right to counsel under s. 48.028 (4) (b).* and

*(e) If the parent, guardian, legal custodian, Indian custodian, or child is not represented by counsel at the hearing and the child is continued in custody as a result of the hearing, the parent, guardian, legal custodian, Indian custodian, or child may request through counsel subsequently appointed or retained or through a guardian ad **litem that the order to hold the child in custody be reheard. If the request is made, a rehearing shall take place as soon as possible. An order to hold the child in custody shall be reheard for good cause, whether or not counsel was present**.*

**Reply**:        **Plaintiff does not actually dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response**

**is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

        k.      Gilbank, through her counsel, denied the allegations in the Petition. (Kaur Decl., Exh. M at 4.)

Response:      No dispute.

**Reply**:      **Undisputed.**

        l.      Gilbank presented evidence, letters from her other daughter and husband, at the hearing. (Kaur Decl., Exh. M at 4.)

Response:      Disputed. Judge Brazeau declined plaintiff's request to submit evidence and instructed her to instead give it to her attorney.

**Reply**:      **No dispute.**

        m.      The Court scheduled the Fact-Finding Hearing for September 25, 2018, extending the temporary order until such time. (Kaur Decl., Exh. M at 8.)

Response:      No dispute. This is 35 days after defendants have interfered with plaintiff's custody. It will be the first time plaintiff is heard.

**Reply**:      **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

        39.      A Fact-Finding Hearing was held on September 25, 2018, with Judge Nicholas J. Brazeau, Jr. presiding. (Kaur Decl., Exh. N (Fact-Finding Hearing Transcript) at 1.)

Response:      No dispute.

**Reply**:      **Undisputed.**

a.       Assistant District Attorney, Chimere Nwankwo, appeared on behalf of the state at the hearing. (Kaur Decl., Exh. N at 3.)

<u>Response</u>:       No dispute.

**<u>Reply</u>**:       **Undisputed.**

b.       Guardian ad litem, Stephen E. Walzak, appeared on behalf of T.E.H. at the hearing. (Kaur Decl., Exh. N at 3.)

<u>Response</u>:       Disputed. (See #33-e, above)

**<u>Reply</u>**:       **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

c.       Gilbank had notice of the hearing. (Kaur Decl., Exh. A at 120.)

<u>Response</u>:       No dispute.

**<u>Reply</u>**:       **Undisputed.**

d.       Gilbank was present at the hearing. (Kaur Decl., Exh. N at 3.)

<u>Response</u>:       No dispute.

**<u>Reply</u>**:       **Undisputed.**

e.       Gilbank was represented by counsel, Attorney Jessica Phelps, at the hearing. (Kaur Decl., Exh. N at 3.)

<u>Response</u>:       No dispute.

**Reply**:        **Undisputed.**

      f.     Mr. Hoyle was present at the hearing and was represented by counsel, Attorney Alanna J. Feddick-Goodwin. (Kaur Decl., Exh. N at 3.)

Response:    No dispute.

**Reply**:        **Undisputed.**

      g.     Ms. Heinzen-Janz appeared on behalf of the Department at the hearing. (Kaur Decl., Exh. N at 3.)

Response:    No dispute.

**Reply**:        **Undisputed.**

      h.     Judge Brazeau heard testimony from several witnesses, including Mr. Hoyle, Officer Abel, Detective Iverson, and Ms. Heinzen-Janz.

Response:    No dispute.

**Reply**:        **Undisputed.**

      i.     The State called Mr. Hoyle as a witness at the hearing. (Kaur Decl., Exh. N at 5.)

Response:    No dispute.

**Reply**:        **Undisputed.**

      j.     Mr. Hoyle testified about Gilbank's drug use and his concerns relating to Gilbank's ability to care for T.E.H. given her drug use. (Kaur Decl., Exh. N at 6-25.)

Response:    Disputed. Taking every single statement out of context does not change the fact of evidence presented. Mr Hoyle testifies that the last time he saw plaintiff use drugs was January of 2017. **(Dkt. 82-14, p.7)** Mr. Hoyle testifies that he bought drugs and used them with plaintiff. **(Dkt. 82-14, p.8-9)** Mr. Hoyle testifies that he believes that plaintiff is

still using drugs because plaintiff has not gone through a 'process' that he doesn't define, like counseling, but he believes plaintiff 'may have' because he doesn't know. **(Dkt.82-14, p.9-10)** Mr. Hoyle testifies that all of T.E.H.'s needs are being met by plaintiff. **(Dkt.82-14, p.12-13)** Mr. Hoyle testified that one time, in approximately 2016, plaintiff was too tired to care for T.E.H. and so he asked plaintiff's older daughter for help. **(Dkt.82-14, p.14-15)**

**Reply**:        **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Hoyle testified about certain topics; her response addresses the content of Hoyle's testimony, which is not at issue. Defendants' proposed fact is, therefore, undisputed.**

k.        Mr. Hoyle presented the opinions of his therapist that he was fit to be a parent. (Kaur Decl., Exh. A at 123-124).

Response:        Dispute as to whether this opinion is relevant. No dispute that Mr. Hoyle presented an opinion of his anger management counselor, whom his work required he go see as a condition of keeping his job. Mr. Hoyle has never met with this counselor in person or by video, only telephone.

**Reply**:        **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Hoyle testified about certain topics; her response addresses the content of Hoyle's testimony, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

l.       Gilbank had an opportunity, through her counsel, to refute that evidence. (Kaur Decl., Exh. A at 124.)

Response:       Disputed. How would one refute someone's opinion that you may or may not be using drugs? I could not refute that I had been tired in 2016. It was probably true. How would one refute an opinion letter from a counselor who is not present?

**Reply**:       **Plaintiff's claimed dispute is not genuine as she did not cite any evidence to support her contention. Fed. R. Civ. P. 56(e). As such, the proposed fact is undisputed.**

m.       Gilbank, through her counsel, had the opportunity to question numerous witnesses at the hearing. (Kaur Decl., Exh. A at 120.)

Response:       No dispute.

**Reply**:       **Undisputed.**

n.       Gilbank submitted statements and affidavits of witnesses on her behalf. (Kaur Decl., Exh. A at 121).

Response:       No dispute.

**Reply**:       **Undisputed.**

o.       Gilbank's attorney, Attorney Phelps, had the opportunity to, and did in fact, cross-examine Mr. Hoyle. (Kaur Decl., Exh. A at 120).

Response:       No dispute.

**Reply**:       **Undisputed.**

p.       Officer Abel testified about the events of August 19, 2017, when she stopped a vehicle driven by John Gates and Gilbank was a passenger in that vehicle. (Kaur Decl., Exh. N at 25-32.)

<u>Response</u>:        No dispute.

**<u>Reply</u>**:        **Undisputed.**

      q.        Officer Abel testified about the events of August 21, 2018, when she stopped Gilbank's vehicle. (Kaur Decl., Exh. N at 25-32.)

<u>Response</u>:        No dispute.

**<u>Reply</u>**:        **Undisputed.**

      r.        Gilbank's attorney, Attorney Phelps, had the opportunity to, and did in fact, cross-examine Officer Abel. (Kaur Decl., Exh. N at 30-31.)

<u>Response</u>:        No dispute.

**<u>Reply</u>**:        **Undisputed.**

      s.        Detective Iverson testified that he assisted Officer Abel with searching Gilbank's vehicle on August 21, 2018. (Kaur Decl., Exh. N at 33-38.)

<u>Response</u>:        No dispute.

**<u>Reply</u>**:        **Undisputed.**

      t.        Gilbank's attorney, Attorney Phelps, had the opportunity to, and did in fact, cross-examine Detective Iverson. (Kaur Decl., Exh. N at 35-37.)

<u>Response</u>:        No dispute.

**<u>Reply</u>**:        **Undisputed.**

      u.        The State called Ms. Heinzen-Janz as a witness at the hearing. (Kaur Decl., Exh. N at 39).

<u>Response</u>:        No dispute.

**<u>Reply</u>**:        **Undisputed.**

v.       Ms. Heinzen-Janz testified that the Department received a referral relating to concerns for neglect for T.E.H. and the referral was assigned to her in June 2018. (Kaur Decl., Exh. N at 40.)

Response:       No dispute that defendant Heinzen-Janz testified to this. Disputed that the referral was concerning neglect of T.E.H. by plaintiff. (see #20, above)

**Reply**:       **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses her characterization of the referral received by Heinzen-Janz which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

w.       Ms. Heinzen-Janz testified that the concern related to the family living out of the garage during a period of extreme heat. (Kaur Decl., Exh. N at 40.)

Response:       No dispute that defendant Heinzen-Janz testified to this.

**Reply**:       **Undisputed.**

x.       Ms. Heinzen-Janz testified that she met with Gilbank at that time and scheduled a follow-up visit for July 3, 2018. (Kaur Decl., Exh. N at 40.)

Response:       No dispute that defendant Heinzen-Janz testified to this. Disputed that plaintiff scheduled an appointment requesting resources, not defendant Heinzen-Janz.

**Reply**:       **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response**

**is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c);**

**(e). Defendants' proposed fact is, therefore, undisputed.**

     y.    Ms. Heinzen-Janz testified that when she met with Gilbank on July 3, 2018, they discussed her struggles with housing. (Kaur Decl., Exh. N at 40-41.)

<u>Response</u>:    No dispute that defendant Heinzen-Janz testified to this. Disputed that it actually occurred.

**<u>Reply</u>:**    **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

     z.    Ms. Heinzen-Janz testified that at the July 3, 2018, meeting, she and law enforcement discussed with Gilbank concerns regarding ongoing methamphetamine use. (Kaur Decl., Exh. N at 41.)

<u>Response</u>:    No dispute.

**<u>Reply</u>:**    **Undisputed.**

     aa.    Ms. Heinzen-Janz testified that at the July 3, 2018, meeting, Gilbank denied any current issues. (Kaur Decl., Exh. N at 41.)

<u>Response</u>:    No dispute that defendant Heinzen-Janz testified to this. Disputed that this is true. **(Dkt.107-01, p.19)**

**<u>Reply</u>:**    **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the**

**truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   bb. Ms. Heinzen-Janz testified that Gilbank provided a UA test during the July 3, 2018, meeting, which came back positive. (Kaur Decl., Exh. N at 41.)

<u>Response</u>:  No dispute that defendant Heinzen-Janz testified to this. Disputed that this UA result was legal or valid.

**<u>Reply</u>:  Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion regarding the validity of the UA is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

   cc. Ms. Heinzen-Janz testified that, despite the positive test, Gilbank continued to maintain denial. (Kaur Decl., Exh. N at 41.)

<u>Response</u>:  No dispute that defendant Heinzen-Janz testified to this. Disputed that this is true. (Dkt.107-1, p.19)

**<u>Reply</u>:  Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

dd.    Ms. Heinzen-Janz testified that she was contacted by law enforcement on August 21, 2018, after Gilbank was taken into custody for concerns of possession of methamphetamine. (Kaur Decl., Exh. N at 41.)

<u>Response</u>:    No dispute that defendant Heinzen-Janz testified to this.

**<u>Reply</u>:    Undisputed.**

ee.    Ms. Heinzen-Janz testified that during the interview on August 21, 2018, Gilbank continued to deny ongoing drug use and refused to speak with her regarding those issues. (Kaur Decl., Exh. N at 42.)

<u>Response</u>:    No dispute that defendant Heinzen-Janz testified to this. Disputed that this is true. **(Dkt.60-09)**

**<u>Reply</u>:    Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

ff.    Ms. Heinzen-Janz testified that during a subsequent interview, Gilbank indicated that her last drug use had been August 23, 2018, the date of the Temporary Physical Custody hearing. (Kaur Decl., Exh. N at 42.)

<u>Response</u>:    No dispute that defendant Heinzen-Janz testified to this. Disputed that this was a true statement by plaintiff. (see 37-g, above)

**<u>Reply</u>:    Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further,**

**Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

gg.    Ms. Heinzen-Janz testified that she ultimately identified two present dangers to include that the parent overly rejects intervention, as well as that the parent is under the influence now or is consistently under the influence, which led to taking temporary physical custody of T.E.H. (Kaur Decl., Exh. N at 42-43.)

Response:    No dispute that defendant Heinzen-Janz testified to this. Disputed that this is true. **(Dkt.60-09)**

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

hh.    Ms. Heinzen-Janz asked the Court to adopt the CHIPS petition so that the Department could continue to serve the family and provide services, including ongoing case management, AODA treatment services, and mental health services. (Kaur Decl., Exh. N at 43.)

Response:    No dispute that defendant Heinzen-Janz made this request.

**Reply**:    **Undisputed.**

ii.    Gilbank's attorney, Attorney Phelps, had the opportunity to, and did in fact, cross-examine Ms. Heinzen-Janz. (Kaur Decl., Exh. N at 44-49.)

Response:    No dispute.

**Reply**:    **Undisputed.**

jj.    Ms. Heinzen-Janz testified that the Department's procedure is to contact the jail, ask them to provide notice to the inmate, and ask them to bring the inmate up for the hearing. (Kaur Decl., Exh. N at 53-54.)

Response:    No dispute that defendant Heinzen-Janz testified to this. Disputed that this procedure is lawful according to Wisconsin Statutes.

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

kk.    Ms. Heinzen-Janz testified that she contacted the jail on August 22, 2018, the day before the Temporary Physical Custody hearing, to notify Gilbank regarding the upcoming hearing, and the jail staff confirmed to her that Gilbank was still an inmate at that time. (Kaur Decl., Exh. N at 53-54.)

Response:    No dispute that defendant Heinzen-Janz testified to this. Disputed that this procedure is lawful, or possible, according to Wisconsin Statutes requiring written notification be given to a parent in person.

**Reply**:    **Plaintiff does not actually dispute the proposed fact, which relates to the fact that Heinzen-Janz testified about certain topics; her response addresses the truth of the content of Heinzen-Janz's testimony, which is not at issue. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it.**

**Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

      ll.    Gilbank, through her counsel, had the opportunity to call other witnesses, presented additional evidence, and/or testify on her behalf. (Kaur Decl., Exh. N at 55-56.)

Response:    No dispute that plaintiff had this opportunity on September 25, 2018.

**Reply**:    **Undisputed.**

      mm.    Gilbank, through her counsel, chose not to call other witnesses, presented additional evidence, and/or testify on her behalf. (Kaur Decl., Exh. N at 55-56.)

Response:    Disputed. Plaintiff did testify on her behalf on September 25, 2018.

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). Accordingly, the proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

      nn.    The Court reviewed a letter from Cliff Kuster, regarding Mr. Hoyle. (Kaur Decl., Exh. N at 56.)

Response:    No dispute.

**Reply**:    **Undisputed.**

      oo.    At the conclusion of the presentation of evidence and testimony at the fact-finding hearing, Gilbank's counsel argued to the Court that the State had not met its burden and provided her various reasons to support this argument. (Kaur Decl., Exh. N at 58-60.)

Response:    No dispute.

**Reply**:    **Undisputed.**

pp.     At the conclusion of the presentation of evidence and testimony at the fact-finding hearing, the ADA argued to the Court that the State had met its burden and provided her various reasons to support this argument. (Kaur Decl., Exh. N at 60-61.)

Response:     No dispute that the ADA argued to the court. Dispute that the ADA presented any evidence of neglect. (Dkt. 82-14, p.60)

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

qq.     At the conclusion of the presentation of evidence and testimony at the fact-finding hearing, the GAL advised the Court that he believed T.E.H. was a child in need of protection and services. The GAL advised the Court that he did not have an objection to T.E.H. being placed with Mr. Hoyle at this point. (Kaur Decl., Exh. N at 57.)

Response:     Disputed. (See #33-e, above)

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). Accordingly, the proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2).**

rr.     Having heard the testimony, reviewed the evidence, and heard the argument, Judge Brazeau found that T.E.H. was "clearly a child in need of protection and services. There is clear and convincing evidence of that fact." (Kaur Decl., Exh. N at 62.)

<u>Response</u>:        Disputed. Plaintiff does not believe that Judge Brazeau made this ruling based on the evidence, but on the fact that plaintiff disagreed with the statements made by defendant Heinzen-Janz. Because the case, for 35 days, has continued solely based on defendant Heinzen-Janz's incomplete and often false information, it is human nature for Judge Brazeau to decide that anything contradictory that plaintiff says, is simply denial. After 35 days and 3 hearings with the same 3-4 parties presenting the same statements from defendant Heinzen-Janz, defendant Heinzen-Janz has prejudiced the court and prevented the court from remaining impartial.

<u>**Reply**</u>:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). Accordingly, the proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2). Additionally, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

        ss.    Judge Brazeau noted that in making his finding, he was taking into account the credibility of the witnesses. (Kaur Decl., Exh. N at 62.)

<u>Response</u>:        No dispute.

<u>**Reply**</u>:        **Undisputed.**

        tt.    Judge Brazeau found that there was clear and convincing evidence that Gilbank had a history of drug use. (Kaur Decl., Exh. N at 61-62.)

<u>Response</u>:        No dispute that Judge Brazeau made this finding.

<u>**Reply**</u>:        **Undisputed.**

uu.    Judge Brazeau noted that Gilbank was certainly neglecting T.E.H. given the fact that T.E.H. was in the car with Gilbank on August 21, 2018, when she was pulled over and found to be possession of methamphetamine. (Kaur Decl., Exh. N at 62.)

<u>Response</u>:    No dispute that Judge Brazeau made this statement. Dispute that this follows state statutes defining neglect, when T.E.H. could not view, access, or be affected by the methamphetamine. The methamphetamine was located behind 3 zippered locations and both plaintiff and T.E.H. were unaware of its presence.

48.02(12g) *"Neglect" means failure, refusal or inability on the part of a caregiver, for reasons other than poverty, to provide necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health of the child.*

48.01(ad) *To provide judicial and other procedures through which children and all other interested parties are assured fair hearings and their constitutional and other legal rights are recognized and enforced, while protecting the public safety.*

(ag) *To recognize that children have certain basic needs which must be provided for, including the need for adequate food, clothing and shelter; the need to be free from physical, sexual or emotional injury or exploitation; the need to develop physically, mentally and emotionally to their potential; and the need for a safe and permanent family. It is further recognized that, under certain circumstances, in order to ensure that the needs of a child, as described in this paragraph, are provided for, the court may determine that it is in the best interests of the child for the child to be removed from his or her parents, <u>consistent with any applicable law relating to the rights of parents</u>.*

**<u>Reply</u>**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is**

**unsupported by any evidence. Fed. R. Civ. Pro. 56(e), 56(c)(2). Accordingly, the proposed fact is undisputed. Fed. R. Civ. P. 56(e)(2). Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

vv.     Judge Brazeau noted that the fact that Gilbank admitted to using on August 23, 2018, the day of the TPC hearing, was also convincing evidence of Gilbank's drug use. (Kaur Decl., Exh. N at 61-62.)

Response:     No dispute that Judge Brazeau made this statement.

**Reply**:     **Undisputed.**

ww.     Judge Brazeau ordered supervision for a period not to exceed one year. (Kaur Decl., Exh. N at 63.)

Response:     No dispute that Judge Brazeau made this finding.

**Reply**:     **Undisputed.**

xx.     The parties discussed setting a dispositional hearing, which had to occur within 30 days. (Kaur Decl., Exh. N at 63-68.)

Response:     No dispute that this was discussed.

**Reply**:     **Undisputed.**

yy.     Due to conflicting schedules of the various attorneys, including Gilbank's attorney, Judge Brazeau found that there was good cause to go outside the 30 day limit, and the hearing was scheduled for October 29, 2018. (Kaur Decl., Exh. N at 63-68.)

Response:     No dispute that Judge Brazeau made this finding.

**Reply**:     **Undisputed.**

40.     A Disposition Hearing was held on October 29, 2018. (Kaur Decl., Exh. O (Disposition Hearing Transcript) at 1.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

a.     Gilbank had notice of the hearing. (Kaur Decl., Exh. A at 128.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

b.     Gilbank was present at the hearing. (Kaur Decl., Exh. O at 1.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      c.     Gilbank was represented by counsel at the hearing. (Kaur Decl., Exh. O at 1.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      d.     Also present at the hearing were the GAL, Stephen E. Walczak, on behalf of T.E.H.; Mr. Hoyle along with his counsel, Attorney Alanna Feddick Goodwin; Attorney David R. Knaapen for the State of Wisconsin, Ms. Heinzen-Janz, on behalf of DHS, and an unknown Marshfield Police Officer. (Kaur Decl., Exh. O at 1-5.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      e.     Gilbank had the opportunity to cross examine witnesses. (Kaur Decl., Exh. A at 128.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical,**

**it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   f. Gilbank had the opportunity to, and did in fact, call her own witnesses. (Kaur Decl., Exh. A at 128.)

<u>Response</u>: No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:  Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   g. Gilbank presented letters from her daughter, Mary Gilbank, Mr. Hoyle, and her husband, Scott Gilbank. (Kaur Decl., Exh. O at 5.)

<u>Response</u>: No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:  Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   h. Gilbank had the opportunity to testify. (Kaur Decl., Exh. A at 128.)

<u>Response</u>: No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:  Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical,**

**it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      i.     Gilbank did, in fact, testify. (Kaur Decl., Exh. O at 14-24.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      j.     Gilbank's attorney stated that they had reviewed the disposition report and were contesting placement. (Kaur Decl., Exh. O at 7.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      k.     Both the GAL and Court questioned Gilbank regarding her meth use. (Kaur Decl., Exh. O at 18-22.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical,**

it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.

l.    Gilbank testified that she "last consciously used meth" prior to August 19, 2018. (Kaur Decl., Exh. O at 20.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

m.    The GAL questioned Gilbank regarding the last time she took a UA. (Kaur Decl., Exh. O at 24.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

n.    Gilbank admitted that *she voluntarily took a UA in her home in July 2018*. (Kaur Decl., Exh. O at 24.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:          **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

o.     The GAL asked the Court that the court adopt the conditions in the disposition report. (Kaur Decl., Exh. O at 33.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:          **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

p.     The GAL also recommended that T.E.H. be placed with Mr. Hoyle. (Kaur Decl., Exh. O at 33.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:          **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

q.     Judge Brazeau noted that he was concerned with Gilbank's comments regarding her "conscious" possession of meth. Judge Brazeau informed Gilbank that until

she could accept that she is addicted to meth and take the necessary steps to get help, he

believed that T.E.H. would be in need of protection. (Kaur Decl., Exh. O at 34-36.)

<u>Response</u>:        No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:        Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

41.      Judge Brazeau signed a Dispositional Order on November 12, 2018. (Kaur Decl., Exh. P (Dispositional Order – Protection or Services).)

<u>Response</u>:        No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:        Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

a.      The Court found T.E.H. to be in need of protection or services pursuant Wis. Stat. § 48.13(10). (Kaur Decl., Exh. P.)

<u>Response</u>:        No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:        Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court**

**should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      b.    The Court ordered primary placement with Mr. Hoyle. (Kaur Decl., Exh. P.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      c.    The Court ordered Wood County Human Services Department to, among other things, monitor participation and progress in conditions mandated the Court. (Kaur Decl., Exh. P.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      d.    The Court ordered certain conditions, including requiring Gilbank to complete an AODA assessment and follow any and all treatment recommendations, and complete a mental health evaluation and follow any and all treatment recommendations. (Kaur Decl., Exh. P.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

e.     The Order was set to expire on October 28, 2019, one year from the date of the dispositional hearing. (Kaur Decl., Exh. P.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

42.     On February 18, 2019, Gilbank filed a Brief in Support of Motion to Dismiss in the CHIPS case, arguing the very same facts as presented in this case. (Kaur Decl., Exh. Q (Brief in Support of Motion to Dismiss dated February 18, 2019).)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

43.    A hearing was held on March 18, 2019, on Gilbank's Motion to Dismiss, with Judge Brazeau presiding. (Kaur Decl., Exh. R (Termination of Dispositional Order Hearing Transcript).)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

a.    Gilbank failed to appear at the hearing to address her Motion. (Kaur Decl., Exh. R at 2.)

Response:    Disputed. Plaintiff arrived 11 minutes late, after notifying the clerk, and Judge Brazeau had concluded the hearing within 3 minutes. **(Dkt. 82-18, p. 1 line 9, p. 4 lines 24-25 and p. 5 lines 1-6)**

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

b.    Assistant District Attorney, Amanda Keitel, appeared on behalf of the State at the hearing. (Kaur Decl., Exh. R at 2.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:    **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court**

**should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      c.    Guardian ad litem, Stephen E. Walzak, appeared on behalf of T.E.H. at the hearing. (Kaur Decl., Exh. R at 2.)

<u>Response</u>:    Disputed. (see 35-e, above)

**<u>Reply</u>:    Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

      d.    Attorney Feddick-Goodwin appeared on behalf of Mr. Hoyle, who was also personally present. (Kaur Decl., Exh. R at 2.)

<u>Response</u>:    No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:    Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

      e.    Mary Christensen appeared on behalf of the Department of Human Services. (Kaur Decl., Exh. R at 2.)

<u>Response</u>:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:          **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

        f.     Judge Brazeau note that Gilbank was "chronically late" to hearings. (Kaur Decl., Exh. R at 3.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:          **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

        g.     Judge Brazeau addressed Gilbank's allegation, in her Motion, that the Court "failed to alert unrepresented parties of the possibility a lawyer might discover a defense" by noting that Gilbank appeared in his court with an attorney each time. (Kaur Decl., Exh. R at 3.)

Response:    No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:          **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

h.      Judge Brazeau noted that Gilbank was represented by Attorney Jessica Phelps, who had been in his court many times, and who he found to be "very competent." (Kaur Decl., Exh. R at 4.)

Response:      No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:      **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

i.      Judge Brazeau addressed Gilbank's allegation that the Court did not inform her of her right to a jury trial, by noting that Gilbank had a very competent lawyer and neither her nor her lawyer had requested a jury trial. (Kaur Decl., Exh. R at 4.)

Response:      Disputed. Judge Brazeau admitted that he did not inform plaintiff. (Dkt. 82-18, p.4, line 2)

**Reply**:      **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Defendants' proposed fact is, therefore, undisputed.**

j.      Judge Brazeau further noted that a fact-finding hearing was held, where he heard from a number of witnesses and that there was "more than enough information in this file to make a determination regarding the best interests of the child." (Kaur Decl., Exh. R at 4.)

Response:      No dispute that this statement was made. Disputed as to relevance to Constitutional injury.

95

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

        k.     Judge Brazeau denied Gilbank's Motion to Dismiss, noting that T.E.H.'s best interest was predominant. (Kaur Decl., Exh. R at 4.)

Response:        No dispute that this statement was made. Disputed as to relevance to Constitutional injury.

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

44.    A Closure Hearing was held on September 6, 2019, with Judge Brazeau presiding. (Kaur Decl., Exh. S (Case Closure Hearing Transcript) at 1.)

Response:        No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:        **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   a.  Gilbank was present at the hearing and was represented by counsel, Attorney Alex J. Hewett. (Kaur Decl., Exh. S at 2.)

<u>Response</u>:  No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**  **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   b.  Assistant District Attorney, David Knappen, appeared on behalf of the State at the hearing. (Kaur Decl., Exh. S at 2.)

<u>Response</u>:  No dispute. Disputed as to relevance to Constitutional injury.

**<u>Reply</u>:**  **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

   c.  Guardian ad litem, Stephen E. Walzak, appeared on behalf of T.E.H. at the hearing. (Kaur Decl., Exh. S at 2.)

<u>Response</u>:  Disputed (see #35-e, above)

**<u>Reply</u>:**  **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants'**

**proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

d.      Mary Christensen appeared on behalf of the Department of Human Services. (Kaur Decl., Exh. S at 2.)

Response:      No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:      **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

e.      Attorney Feddick-Goodwin appeared on behalf of Mr. Hoyle, who was also personally present. (Kaur Decl., Exh. S at 2.)

Response:      No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:      **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

f.      Attorney Hewett, on behalf of Gilbank, stated that he did not object to the case closure. He stated that the Department had proposed certain terms for a temporary modification of the underlying family court order, and he did not object to those terms

either, with some slight modification relating to exchange locations. (Kaur Decl., Exh. S at 2-4.)

<u>Response</u>:     No dispute. Disputed as to relevance to Constitutional injury. Mr. Hewitt's first action in representing plaintiff was to agree to closing the juvenile case because he saw no possible way that plaintiff would overcome the prejudice that had occurred in that court.

**<u>Reply</u>:     Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

g.     Attorney Walczak agreed that this was in the best interest of T.E.H. (Kaur Decl. Exh. S at 4.)

<u>Response</u>:     Disputed (see #35-e, above)

**<u>Reply</u>:     Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff failed to cite evidence to support her response. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Additionally, Plaintiff's response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

h.     The Court ordered placement be modified so that it is primarily with Mr. Hoyle, at reasonable times and upon reasonable notice with a minimum of twice a

week for up to six hours. Placement with Gilbank would be unsupervised. (Kaur Decl., Exh. S at 5.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

45.     Judge Brazeau signed a Case Closure Order on September 6, 2019, closing the CHIPS proceeding and modifying the family court order in 17PA25. (Kaur Decl., Exh. T (Case Closure Order).)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

46.     By Order dated September 9, 2019, Judge Brazeau modified the present order so that Mr. Hoyle still had primary placement, and allowed unsupervised placement with Gilbank at a minimum of two times a week for up to six hours. (Kaur Decl., Exh. U (Order Relating to Physical Placement).)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

47.     On November 1, 2019, Gilbank filed a pro se notice of appeal of Judge Brazeau's case closure order. (Kaur Decl., Exh. V (Court of Appeals Order).)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

48.     The Wisconsin Court of Appeals dismissed Gilbank's appeal. The Court noted that Gilbank has no standing to appeal because she had no objected to the case closure order and therefore is not an aggrieved party. (Kaur Decl., Exh. V.)

Response:     No dispute. Disputed as to relevance to Constitutional injury.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion ("Disputed as to relevance to Constitutional injury") is not only nonsensical, it is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

49.    At her deposition, Gilbank conceded that her First Amendment right to petition the government for redress of grievances claim was directed against Judges Gregory Potter and Nicholas Brazeau, Jr., who are no longer parties to this suit. She conceded that this claim is not asserted against any of the remaining defendants and should be dismissed. (Kaur Decl., Exh. A at 139.)

Response:    No dispute.

**Reply**:    **Undisputed.**

50.    At her deposition, Gilbank testified that her Fourth Amendment claim relating to the alleged seizure of T.E.H. arises solely out of the events of August 21, 2018—the initial removal of T.E.H. (Kaur Decl., Exh. A at 157-158.)

Response:    Disputed. Evidence referred to does not support this statement.

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 41 (157:20-158:14).) Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

51.    Gilbank claims that Ms. Heinzen-Janz and Detective Iverson jointly violated her Fourth Amendment rights when they "seized" T.E.H. from her custody on August 21, 2018. (Kaur Decl., Exh. A at 157-158.)

Response:    Disputed. Evidence referred to does not support this statement. Plaintiff is explaining her right to be free from state interference in her Constitutional right to care and custody of T.E.H. without due process of law, which is protected by the 4th Amendment and extended to the state through the 14th Amendment.

**Reply**:          **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 41 (157:20-158:14).) Accordingly, the Defendants' proposed fact is undisputed as a matter of law.**

52.     Gilbank claims that Ms. Heinzen-Janz and Detective Iverson jointly violated her Fourth Amendment rights when they asked her to submit to a urinalysis on July 3, 2018. (Kaur Decl., Exh. A at 157-158, 163.)

Response:     No dispute.

**Reply**:          **Undisputed.**

53.     Gilbank further claims that Ms. Heinzen-Janz violated her Fourth Amendment rights by allegedly "evicting" her from her home when Ms. Heinzen-Janz took physical custody of T.E.H. on August 21, 2018. Specifically, she asserts that Ms. Heinzen carried out an eviction when, following Gilbank's arrest for possession of methamphetamine, Ms. Heinzen placed T.E.H. in the temporary physical custody of her father, Mr. Hoyle, and advised Gilbank that she was to have no contact with T.E.H. Because Gilbank was residing with Mr. Hoyle at the time of her arrest, she asserts that this was effectively an eviction. (*See* Kaur Decl., Exh. A at 159-160.)

Response:     No dispute.

**Reply**:          **Undisputed.**

54.     Gilbank's Fifth Amendment claim is asserted only against Ms. Heinzen-Janz and Detective Iverson. (Kaur Decl., Exh. A at 163.)

Response:     No dispute.

**Reply**:          **Undisputed.**

55.     The sole basis for Gilbank's Fifth Amendment claim is the interview which occurred on August 21, 2018, after Gilbank was taken into custody for Possession of

Methamphetamine and Possession of Drug Paraphernalia. While Gilbank was arrested and charged with possession of methamphetamines and drug paraphernalia, she does not allege that that she provided any statements that were later used against her in a criminal proceeding. (Kaur Decl., Exh. A at 163-64.)

> Response:    Disputed. Evidence referred to does not support this statement. Plaintiff's 5th Amendment claims refer to the failure to provide substantive and procedural due process prior to violating plaintiff's right to be secure in her home and to maintain care and custody of her child.

> **Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, pp. 42-43 (163:10-165:24).) Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

56.    Gilbank's Sixth Amendment claim is asserted only against Ms. Heinzen-Janz and Detective Iverson. (*See* Kaur Decl., Exh. A at 173.)

> Response:    Disputed. Plaintiff wishes to drop her 6th Amendment claims.

> **Reply**:    **Undisputed.**

57.    The sole basis for Gilbank's Sixth Amendment claim is the interview which occurred on August 21, 2018, after Gilbank was taken into custody for Possession of Methamphetamine and Possession of Drug Paraphernalia. (*See* Kaur Decl., Exh. A at 173.)

> Response:    Disputed. Plaintiff wishes to drop her 6th Amendment claims.

> **Reply**:    **Undisputed.**

58.     Gilbank concedes that her Seventh Amendment right to a jury trial claim should be dismissed. (Kaur Decl., Exh. A at 173-74.)

Response:     No dispute, however plaintiff would like Judge Brazeau's admission that he never informed plaintiff of her right to a jury trial to remain in evidence as it relates to the inadequacies of any post-deprivation hearings.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

59.     At her deposition, Gilbank testified that the parties against whom she filed the Seventh Amendment claim are no longer parties to this suit. (Kaur Decl., Exh. A at 173-74.)

Response:     No dispute.

**Reply**:     **Undisputed.**

60.     Gilbank's Eighth Amendment claim is asserted only against Ms. Heinzen-Janz and Detective Iverson. (*See* Kaur Decl., Exh. A at 175.)

Response:     No dispute.

**Reply**:     **Undisputed.**

61.     The basis for Gilbank's Eighth Amendment claim is the removal of T.E.H. from her custody. (Kaur Decl., Exh. A at 175.)

Response:     Disputed. Evidence referred to does not support this statement. The basis for plaintiff's 8th Amendment claim is that plaintiff was being accused of a crime. Plaintiff requested to speak to a lawyer before continuing to answer questions. Solely because plaintiff was not providing the answers that defendants wanted, defendant Heinzen-Janz

and defendant Iverson determined that plaintiff was not "cooperating" and removed plaintiff's daughter from her protective care and placed her daughter unsupervised 24x7 with a man they knew to be an abusive, addict, child molester. Defendant Heinzen-Janz forbid plaintiff from any contact with her 4-year-old daughter. With the knowledge that they possessed, there can be no suspicion that they were not aware this punishment would be cruel and unusual to both plaintiff and T.E.H.

**<u>Reply</u>:        Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 45 (176:5-10).) Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

62.    Gilbank concedes that all of the claims alleged in her First Amended Complaint arise out of what occurred in the juvenile proceedings and are in no way associated with any of her criminal cases. (Kaur Decl., Exh. A at 164-65.)

<u>Response</u>:        No dispute, other than the relation to criminal interrogation, above.

**<u>Reply</u>:        Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

63.    At her deposition, Gilbank testified that the basis for her Ninth Amendment claim is her "right to an attorney" and her "cruel and unusual punishment" claims. (Kaur Decl., Exh. A at 176.)

<u>Response</u>:        No dispute that plaintiff made this testimony. Dispute that plaintiff may be mistaken as to the proper application of this right. It is plaintiff's belief that this right

protects plaintiff's fundamental rights that are not specifically stated in the Bill of Rights or the other Amendments. It is plaintiff's belief that this would included actions by defendants Heinzen-Janz, Iverson, and Christensen which violated one of plaintiff's fundamental rights in response to plaintiff exercising another fundamental right. (see #61, above) And also when plaintiff filed complaints regarding the violation of her fundamental rights, and in response, defendant Christensen stated that plaintiff would never get her daughter back if she did not let go of what she believed had been done to her.

**Reply**:     **Plaintiff does not dispute the proposed fact. Further, Plaintiff's assertion is non-responsive to the proposed fact, is unsupported by evidence, and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

64.     Gilbank's Ninth Amendment claim is asserted only against Ms. Heinzen-Janz, Detective Iverson, and Ms. Christensen. (Kaur Decl., Exh. A at 163.)

Response:     No dispute.

**Reply**:     **Undisputed.**

65.     With regard to her Fourteenth Amendment claim, Gilbank claims that she was denied procedural due process when there was no pre-deprivation hearing and when she had been bonded out of jail prior to receiving notice of one of the many post-deprivation hearings. (*See* Kaur Decl., Exh. A 171;169.)

Response:     Disputed. Evidence cited does not support statement. Plaintiff was denied procedural due process when there was no pre-deprivation hearing and there was only 1 post-deprivation hearing related to the emergency removal of T.E.H. from plaintiff's

custody. Plaintiff was provided no notice or opportunity to be heard in regards to the lack of probable cause for the unlawful removal, and plaintiff was denied the opportunity to have the hearing reheard at future hearings.

**Reply**: **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 44 (169:2-14; 171:18).) Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

66.     With regard to her Fourteenth Amendment claim, Gilbank claims that she was denied procedural due process Gilbank further asserts that she was denied due process when and when Ms. Heinzen-Janz and Detective Iverson allegedly filed statements under oath with the court in which they provided false, misleading, and incomplete information. (*See* Kaur Decl., Exh. W ("Gilbank's Third Response to Wood County Defendants' Discovery Requests") at 11.)

Response:     No dispute.

**Reply**:     **Undisputed.**

67.     Gilbank asserts that Defendants provided false testimony when they "stated to the court that plaintiff was being placed under arrest and therefore emergency custody of minor child without warrant was necessary." (Kaur Decl., Exh. W at 22.)

Response:     No dispute.

**Reply**:     **Undisputed.**

108

68.     Gilbank also claims that Ms. Heinzen-Janz provided false testimony when she testified that "plaintiff was exposing her child to her use of methamphetamines." (Kaur Decl. Exh. W at 22.)

Response:     No dispute.

**Reply**:     **Undisputed.**

69.     At her deposition, Gilbank was seemingly unaware of whether she even had the basis to pursue a § 1985 claim. (Kaur Decl., Exh. A at 178.)

Response:     Disputed. Evidence referred to does not support this statement. Plaintiff had momentarily confused the dismissed 42 USC 1986 claim with the remaining 42 USC 1985 claim.

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 46 (178:14-179:19).) Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

70.     At her deposition, Gilbank was unable to provide facts to support a § 1985 claim. (*See* Kaur Decl., Exh. A at 178-79.)

Response:     Disputed. Evidence referred to does not support this statement.

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 46 (178:14-179:15).) Defendants' proposed fact is, therefore, undisputed.**

71.     The only basis for Gilbank's claim against Ms. Solheim is an alleged failure to correct the alleged wrongs committed by Ms. Heinzen-Janz (Kaur Decl., Exh. A at 151.)

Response:    Disputed. Evidence referred to does not support this statement. Plaintiff testifies in her deposition that by being in a position where she was accountable for the allowing and approving the actions of her subordinates, she perpetuated and environment where Constitutional violations were allowed to occur.

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 39 (151:3-24).) Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

72.    Gilbank alleges that Ms. Christensen personally participated in the alleged violation of her Fourteenth Amendment rights when she "allowed wrongs to continue." (Kaur Decl., Exh. A at 154.)

Response:    No dispute.

**Reply**:    **Undisputed.**

73.    Gilbank further alleges that Ms. Christensen personally participated in the alleged violation of her Ninth Amendment rights when she "threaten[ed] to deny [her her] parental rights because [she] … *filed this claim*." (Kaur Decl., Exh. A at 177.)

Response:    No dispute. Plaintiff was referring to this claim as they were pursued at the departmental complaint stage, not the federal civil case filed in 2020.

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. (Dkt. 82-1, p. 46 (177:6-24).) Further,**

**Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e).**

74.     Gilbank alleges that Ms. LaChapelle violated her due process rights when she also allowed wrongs to continue. (Kaur Decl., Exh. A at 150.)

Response:     No dispute.

**Reply**:     **Undisputed.**

75.     Gilbank further alleges that Ms. LaChapelle violated her due process rights when she allegedly failed to act on a grievance that Gilbank filed with the Department. (Kaur Decl., Exh. A at 133.)

Response:     No dispute.

**Reply**:     **Undisputed.**

76.     Gilbank was arrested on August 21, 2018, for possession of methamphetamines and drug paraphernalia. (Kaur Decl., Exh. B.)

Response:     No dispute.

**Reply**:     **Undisputed.**

77.     Gilbank was still in jail the following day, August 22, 2018, when Ms. Heinzen-Janz set out to provide notice to her regarding the hearing. Accordingly, Ms. Heinzen-Janz followed the typical procedures for serving inmates. (Heinzen-Janz Decl. ¶ 18.)

Response:     Disputed. Plaintiff was being released. Defendant Heinzen-Janz was required to be knowledgeable about the statutory requirements of notice, and was therefor aware that a phone call did not satisfy them.

**Reply**:     **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is**

**unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c);**

**(e).**

78.    Ms. Heinzen-Janz called the jail to confirm that Gilbank was still an inmate. (Heinzen-Janz Decl. ¶ 16.)

Response:    No dispute that defendant Heinzen-Janz made this statement.

**Reply**:    **Undisputed.**

79.    Wood County Jail confirmed that Gilbank was still an inmate. Ms. Heinzen-Janz verbally advised the jail official that a hearing was scheduled for the following day. (Heinzen-Janz Decl. ¶ 17, 19.)

Response:    Disputed. No dispute that defendant Heinzen-Janz made this statement.

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e).**

80.    Ms. Heinzen-Janz asked the jail official to transport Gilbank to the hearing. Ms. Heinzen-Janz then faxed notice of the hearing to the jail and asked that it be forwarded to Gilbank. (Heinzen-Janz Decl. ¶ 20-21.)

Response:    Disputed. No dispute that defendant Heinzen-Janz made this false statement under penalty of perjury, but this statement **is false**. Defendant Heinzen-Janz faxed to the jail, at 8:14 AM on 08/22/2018, a letter that a hearing **would occur**. **(Dkt. 114-04, p. 1, fax confirmation at bottom)** Defendant Heinzen-Janz states in this letter "*When I learn of the date and the time of this hearing I will contact you with this information.*" **(Dkt. 114-**

**04, p. 3, ¶ 1)** There was no date or time listed for the hearing on this fax. **(Dkt. 114-04, p. 5, bottom line)**

Defendant Heinzen-Janz's phone call to the jail occurred on 08/22/2018 at 4:53 PM. **(Dkt. 114-02, p. 6, note 16)** There is no record of any fax sent or received at this time.

**Reply**:        **Plaintiff does not actually dispute the proposed fact, which relates to Heinzen-Janz's telephone call; her response references a fax which is not at issue. Defendants' proposed fact is, therefore, undisputed.**

81.    Wood County Jail confirmed that they would provide Gilbank with the notice and bring her to the hearing scheduled the following day. (Heinzen-Janz Decl. ¶ 22.)

Response:        Disputed. Evidence given in #80, above proves otherwise. No dispute that defendant Heinzen-Janz made this false statement under penalty of perjury.

**Reply**:        **Plaintiff does not actually dispute the proposed fact, which relates to what Heinzen-Janz learned from the Wood County Jail; her response references a fax which is not at issue. Defendants' proposed fact is, therefore, undisputed.**

82.    At the temporary physical custody hearing the following day, Ms. Heinzen-Janz learned, for the first time, that Gilbank was bonded out. (Heinzen-Janz Decl. ¶ 23.)

Response:        No dispute that defendant Heinzen-Janz made this statement.

**Reply**:        **Undisputed.**

83.    Gilbank's Fourth Cause of Action relates to a violation of HIPPA rights, professional malpractices, and public disclosure of private facts. (Dkt. No. 6 at 6.) Those claims were filed at a time when other entities, including Children's Hospital of Wisconsin, were defendants in this case. Gilbank concedes that she has not alleged this Cause of Action against the

remaining Defendants and that this claim should be dismissed as to the remaining Defendants. (Kaur Decl., Exh. A at 179-181.)

    <u>Response</u>:    No dispute.

    **<u>Reply</u>**:    **Undisputed.**

84.    Ms. Heinzen-Janz was not a final policymaker and did not have final policymaking authority at Wood County. (Heinzen-Janz Decl. ¶ 3.)

    <u>Response</u>:    No dispute.

    **<u>Reply</u>**:    **Undisputed.**

85.    Ms. Solheim was not a final policymaker and did not have final policymaking authority at Wood County. (Solheim Decl. ¶ 5.)

    <u>Response</u>:    No dispute that defendant Solheim made this statement.

    **<u>Reply</u>**:    **Undisputed.**

86.    Ms. Christensen was not a final policymaker and did not have final policymaking authority at Wood County. (Christensen Decl. ¶ 3.)

    <u>Response</u>:    No dispute.

    **<u>Reply</u>**:    **Undisputed.**

87.    Ms. LaChapelle was not a final policymaker and did not have final policymaking authority at Wood County. (LaChapelle Decl. ¶ 3.)

    <u>Response</u>:    Disputed. Defendant LaChapelle informed plaintiff that if plaintiff had a complaint regarding defendant LaChapelle or any of her subordinates, then plaintiff should email defendant LaChapelle. It would be logical to assume that she would have authority over whether those complaints would be heard or responded to.

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

88.    Ms. Christensen the Ongoing Social Worker assigned to the underlying CHIPS matter. (Christensen Decl. ¶ 4.)

Response:    No dispute.

**Reply**:        **Undisputed.**

89.    Ms. Christensen did not become involved in the case until after the Court had made the removal decision. (Christensen Decl. ¶ 5.)

Response:    No dispute.

**Reply**:        **Undisputed.**

90.    Ms. Christensen has had no conversations with Gilbank since the filing of this claim. (Christensen Decl. ¶ 6.)

Response:    No dispute.

**Reply**:        **Undisputed.**

91.    Ms. Christensen has never threatened Gilbank in any way whatsoever. (Christensen Decl. ¶ 7.)

Response:    Disputed. On 05/23/2019 defendant Christensen met with plaintiff during her crisis stay at Bridgeway CBRF. Plaintiff's CCS caseworker, Casey Parks, was also in attendance. At this meeting, plaintiff mentioned her complaint to the department regarding the rights violations of plaintiff and T.E.H. Defendant Christensen told plaintiff that if she

*"did not let go of what she believed had been done to her, she would never get her daughter*

*back." Plaintiff responded that it sounded like defendant Christensen was threatening her.*

*Defendant Christensen replied "it's not a threat, it's a fact."*

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e).**

92.        While Gilbank was still under the court-ordered plan, Ms. Christensen encouraged Gilbank to take the necessary steps towards reunification. (Christensen Decl. ¶ 9.)

Response:        No dispute.

**Reply**:        **Undisputed.**

93.        Gilbank repeatedly refused to accept any role in the removal of her daughter. (Christensen Decl. ¶ 10.)

Response:        Disputed. Plaintiff has repeatedly acknowledged that she needed help in providing safe housing for T.E.H. Plaintiff has repeatedly acknowledged that she had mental health issues and was self-medicating and needed help to replace that with adequate prescriptions. What plaintiff refused to accept was the violation of plaintiff's and T.E.H.'s rights and the placement of T.E.H. alone in a dangerous environment.

**Reply**:        **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e).**

94.    Ms. Christensen advised Gilbank that if she wanted to be reunited with her daughter, she needed to take responsibility and begin taking the steps to rectify the situation. (Christensen Decl. ¶ 11.)

Response:    No dispute.

**Reply**:    **Undisputed.**

95.    At *no point* did Ms. Christensen ever threaten Gilbank that filing this, or any other complaint, would result in her not getting her daughter back. (Christensen Decl. ¶ 12.)

Response:    Disputed. (see #91, above)

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e).**

96.    Ms. LaChapelle did not personally participate in any of the alleged violations of Gilbank's constitutional or statutory rights. (Christensen Decl. ¶ 13.)

Response:    Disputed. Evidence referred to does not support this statement.

**Reply**:    **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e).**

97.    Ms. LaChapelle had no knowledge of, and did not facilitate, approve, or condone, any wrong with respect to underlying CHIPS matter. (LaChapelle Decl. ¶ 4.)

Response:    Disputed. On 08/27/2018, Plaintiff met with defendant LaChapelle and notified her of defendant Heinzen-Janz unlawful removal of plaintiff's **custody** without a

warrant, of the false statements provided by defendant Heinzen-Janz to the court, and of defendant Heinzen-Janz's failure to provide notice to plaintiff of the emergency cause hearing on 08/23/2018. Plaintiff's adult daughter, Mary, was present for this meeting. **(Dkt. 114-02, p.8 note 26) (Dkt. 114-02, p.9 note 28)** Defendant LaChapelle was further notified of the Constitutional violations in plaintiff's case via email on 08/27/2018. **(Dkt. 114-02, p.9 note 30)** Defendant LaChapelle met with plaintiff and defendant Heinzen-Janz on 08/28/2018 to discuss plaintiff's concerns with T.E.H. being placed in a dangerous environment without supervision. **(Dkt. 114-02, p.10 note 32)**

**Reply**: **The sole portion of Plaintiff's response which is supported by the evidence she cited is her suggestion that Plaintiff emailed LaChapelle on August 27, 2018. (Dkt. 115-2, pp. 9-10.) However, the evidence does not support her contention that the email informed LaChapelle of constitutional violations; the email contained legal case information and did not refer to her case at all. (*Id*.) The remainder of Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

98.     Ms. LaChapelle did not knowingly or with deliberate, reckless indifference facilitate, approve, or condone, any wrong with respect to underlying CHIPS matter. (LaChapelle Decl. ¶ 5.)

Response:     Disputed. (see #97, above)

**Reply**: **Plaintiff's assertions are non-responsive to the proposed fact, are unsupported by evidence, and the Court should not consider them. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

99.     Ms. LaChapelle has no recollection of Gilbank filing a grievance with her. (LaChapelle Decl. ¶ 6.)

Response:     Disputed. (see #97, above) Plaintiff provided defendant LaChapelle with a handwritten complaint on 08/30/2018. **(Dkt. 107-01, p.2-7)**

**Reply**:     **Plaintiff does not actually dispute the proposed fact, which relates to the fact that LaChappelle did not recall Plaintiff filing a grievance; her response relates to whether she filed a grievance. Further, Plaintiff's response, regarding with whom she filed the grievance, is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed.**

100.     Ms. LaChapelle did not personally participate in any of the alleged violations of Gilbank's constitutional or statutory rights. (LaChapelle Decl. ¶ 7.)

Response:     Disputed. For liability to attach to a supervisor, the subordinate's misconduct must occur at the supervisor's direction or with the supervisor's knowledge and consent. (see #97, above) Defendant LaChapelle admits that she relied on the Child Protective Services Access & Initial Assessment Standards in her position as defendant Heinzen-Janz's supervisor. **(Dkt. 114-07, p. 2-3, #3)** According to these standards "Supervisory approval (or that of her or his designee) is required for all screening decisions." **(Dkt. 114-01, p. 26, ¶ 6)** "Supervisory approval (or that of his or her designee) is required for all timeframe for response decisions." **(Dkt. 114-01, p. 30, ¶ 6)** "Exceptions can be made to these Standards only when the justification and the alternative provision to meet the requirement(s) is documented in the family case record and approved by a supervisor or her/his designee. Exceptions **cannot** be granted for requirements of state

statutes, federal law or regulation, or administrative rules." **(Dkt. 114-01, p. 32, ¶ 4)** "All requirements related to a Primary Assessment, Secondary Assessment, or Non-Caregiver Assessment must be approved by the supervisor or her/his designee and documented in the family case record within 60 days from the receipt of the report." **(Dkt. 114-01, p. 46, ¶ 1)** "If possible, without subjecting the child to increased risk of danger, a CPS professional should consult with a supervisor, supervisor's designee, or legal counsel before proceeding to take action on the basis of exigent circumstances." **(Dkt. 114-01, p. 85, ¶ 5)** Domestic Abuse: "Try to do the assessment with the adult victim when the domestic abuser is not home. If possible, call first to see who is at home and how safe it is to go out. Consider meeting the adult victim in a safe and neutral place. Being unable to talk to an adult victim alone may be a signal of danger and related to the level of control the abuser has over the family. CPS professionals should consult with a supervisor as to how to proceed." **(Dkt. 114-01, p. 99, ¶ 5)**

**Reply**:         **Plaintiff's claimed dispute is not genuine as the evidence cited by Defendants directly supports the proposed fact. Further, Plaintiff's assertions are non-responsive to the proposed fact. Additionally, the material cited to support the Plaintiff's response is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. As such, Plaintiff's response is unsupported by evidence and the Court should not consider it. Fed. R. Civ. P. 56(c); (e). Defendants' proposed fact is, therefore, undisputed. Further, her response is impermissible legal argument. "Standard Attachments for Civil Cases Assigned to Judge Peterson," page 5.**

Dated this 5th day of October, 2021.

AXLEY BRYNELSON, LLP

*Electronically signed by Danielle Baudhuin Tierney*
Michael J. Modl, SBN 1011419
Lori M. Lubinsky, SBN 1027575
Aneet Kaur, SBN 1088063
Danielle Baudhuin Tierney, SBN 1096371
Attorneys for Defendants
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
mmodl@axley.com
llubinsky@axley.com
akaur@axley.com
dtierney@axley.com