**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF WISCONSIN**

---

MICHELLE R. GILBANK,

Plaintiff,

Case No. 20-cv-601-jdp

v.

WOOD COUNTY DEPARTMENT OF HUMAN SERVICES, et al.

Defendants.

---

**WOOD COUNTY DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

## INTRODUCTION

Plaintiff Michelle Gilbank ("Gilbank") commenced the present action, alleging numerous claims under various constitutional and statutory provisions, after Gilbank's minor child (T.E.H.) was removed from her custody after Gilbank was arrested for possession of methamphetamines and drug paraphernalia.

The Court has since dismissed a number of claims that were initially at issue. On December 15, 2020, the Court dismissed all claims against Wood County Circuit Court Judges Potter and Brazeau and the Children's Hospital of Wisconsin. [Dkt. 41, p. 12.] The Court dismissed the Wood County Department of Human Services ("WCDHS") as a party defendant. [Dkt. 41, p. 12.] The Court dismissed Gilbank's Third Cause of Action under 42 U.S.C. § 1986 as being barred by statute of limitations. [Dkt. 41, p. 2.] The Court also dismissed T.E.H. as a plaintiff. [Dkt. 41, p. 12.] Accordingly, after the Court's December 2020 decision, Gilbank was the sole remaining Plaintiff and the four Wood County social workers (Mary Christensen, Theresa Heinzen-Janz, Anne La Chapelle, and Mary Solheim; hereinafter the "Wood County Defendants"), the

Marshfield Police Department, and Marshfield police detective Derek Iverson were the remaining defendants.

During discovery and the pendency of the dispositive motion briefing, Gilbank has withdrawn or waived a number of additional claims. Specifically, Gilbank conceded that she was not asserting her Fourth Cause of Action (related to claimed HIPAA violations, professional malpractice, and public disclosure of private facts) against the remaining Defendants. [Dkt. 115, ¶ 83.] As such, that cause of action is not at issue.

During dispositive motion briefing, Gilbank also expressly withdrew Count 1 from her First Cause of Action (First Amendment Violation); Count 4 from her First Cause of Action (Sixth Amendment Violation); Count Five from her First Cause of Action (Seventh Amendment Violation); and County Six from her First Cause of Action (Eighth Amendment Violation). [Dkt. 118, pp. 2-3.] As such, there are no First, Sixth, Seventh, or Eighth Amendment Claims at issue.

The only claims left for this Court to address are Gilbank's Fourth Amendment, Fifth Amendment, Ninth Amendment, Fourteenth Amendment, 42 U.S.C. § 1985, and *Monell* claims. As discussed in more detail herein, there are no issues of material facts and the law warrants a dismissal of all remaining claims with prejudice. Neither the law nor the facts support any of Gilbank's theories of liability, and the Court should grant judgment for the Wood County Defendants.

## ARGUMENT

### I. THERE ARE NO DISPUTED MATERIAL FACTS.

A large portion of Gilbank's response brief contains her narration and interpretation of the facts of the case. However, the majority of these "facts" lack any citation to the record. [*See, e.g.*, Dkt. 118, p. 5 (plaintiff claiming she "was expecting an appointment with a social

worker…Instead, the social worker arrives with a police officer and her abuser….”; p. 6 (“Plaintiff was in shock, confused, and scared….”); p. 6 (“Her abuser was now holding her daughter….”); p. 8 (“She has no intention of not cooperating, she just wants legal advice….”).

The Court should summarily ignore any “fact” in Gilbank’s brief that is unsupported by a citation to the record. Plaintiff blatantly disregarded the Court’s clear order regarding facts within a brief. *See* “Standard Attachments for Civil Cases Assigned to Judge Peterson,” p. 2 (“…the material facts must be proposed in a statement of proposed facts….”); p. 4 (contents of a response to a motion include, “[i]f necessary, additional proposed findings of fact…following the procedure set forth in I.B. and I.C. above.”); p. 7 (noting that non-moving party can file “supplemental proposed findings of fact” in response to the moving party’s submission); p. 8 (“This court expects all litigants, including persons representing themselves, to follow this court’s procedures to be followed on motions for summary judgment. If a party does not follow the procedures, there will be no second chance to do so.”)

Having chosen to ignore the directions from the Court regarding how to supplement the record with her own proposed facts, this Court should disregard the narration in Gilbank’s brief that lacks evidentiary support.[1] [Dkt. 34, p. 6 (“If you do not do things the way it says in Rule 56 and in the court’s written summary judgment procedure, then the court will not consider your documents.”)] *See Perez v. Frank*, No. 06 C 248 C, 2007 WL 1101285, at *2 (W.D. Wis. Apr. 11, 2007) (“…I note that although defendants filed no proposed findings of fact to supplement the facts proposed by plaintiff, their brief refers to facts not proposed as findings of fact. … Because defendants did not present these facts to the court, plaintiff was given no opportunity to respond to them. Consequently, I have ignored them and all other factual assertions not properly presented

[1] And, to the extent the Court considers the facts in the brief, despite not having set forth the facts in a separate proposed finding, the “facts” lack evidentiary support and, therefore, should not be considered. Fed. R. Civ. P. 56(e).

to the court as proposed findings of fact."); *Viilo v. City of Milwaukee*, 552 F.Supp.2d 826, 829 (E.D. Wis. 2008) ("Viilo presented … a twenty-eight page statement of facts section in her brief, which was not in proper form. … Nor will the court consider the proposed facts offered in Viilo's brief, as they are not in proper form under Civil L.R. 56.2. Thus, the court will look to Viilo's responses to defendants' proposed findings of fact in determining whether Viilo has established a genuine question of material fact which will preclude summary judgment."). It is also telling that a number of these proposed "facts" relate to things that Gilbank herself purportedly felt or witnessed. Despite that, she chose not to document those in a declaration under penalty of perjury. [*See, e.g.*, Dkt. 118, pp. 6, 8; *see also* Dkt. 117.] Regardless why she did not put these statements into a declaration, the Court should simply disregard any claimed fact in Gilbank's brief that lacks a citation to a Proposed Finding of Fact and/or citation to the record.

Instead, the Court should rely upon the Wood County Defendants' Proposed Findings of Fact and the reply in support. [Dkt. 76; Dkt. 128.] Though Gilbank attempted to dispute some of the proposed facts, none of her disputes are genuine, supported by the evidence, or material. [*See* Dkt. 128.] Therefore, this case is ripe for summary judgment.

## II. THE COURT SHOULD DISMISS GILBANK'S CLAIMS PREMISED ON THE "SEIZURE" OF T.E.H. AND THE "EVICTION" FROM HER HOME.

Gilbank's Fourth Amendment Claim was initially premised on Heinzen-Janz "seizure" of T.E.H. on August 21, 2018, her request for a urinalysis on July 3, 2018, and Heinzen-Janz's "eviction" of Gilbank on August 21, 2018. [*See* Defendants' Reply in Support of Proposed Findings of Fact (Dkt. 128), ¶¶ 51-53.] In their brief in support of summary judgment, the Wood County Defendants argued that Gilbank's "seizure" claim and "eviction" claims failed as for a number of reasons. [Dkt. 76, pp. 4-13.]

In her response brief, Gilbank ***now*** contends that her Fourth Amendment claim arises solely from "the taking of plaintiff's urine by defendant Heinzen-Janz and defendant Iverson on July 3rd, 2018." [Dkt. 118, p. 5.] She contends that the "seizure" and "eviction" claims arise under the Fourteenth Amendment – not the Fourth Amendment. [Dkt. 118, p. 5.]

Other than reclassifying the "seizure" and "eviction" claims, Gilbank did not respond to the Wood County Defendants' arguments regarding the merits of the "seizure" or "eviction" claims. [*See* Dkt. 118.] Gilbank's failure to respond to the Wood County Defendants' arguments on the two claims concedes that the Wood County Defendants' arguments are legally valid and correct, and Gilbank has waived her response or opposition to the arguments. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (citing *United States v. Farris*, 532 F.3d 615, 619 (7th Cir.2008); *Williams v. REP Corp*., 302 F.3d 660, 667 (7th Cir.2002)). As such, the Court may dismiss those two claims.[2] Her only remaining claim for the Court's consideration under the Fourth Amendment is her urinalysis claim.

## III. GILBANK'S FOURTH AMENDMENT URINALYSIS CLAIM MUST BE DISMISSED.

As the Wood County Defendants pointed out in their initial brief, Gilbank consented to the urinalysis at issue. In her response to the proposed findings of fact, Gilbank conceded she consented to the urinalysis. [Dkt. 128, ¶¶ 24j, 24k; 24m.] However, on the eve of the dismissal of

[2] Though Gilbank suggests that her "seizure" and "eviction" claims fall under the Fourteenth, rather than the Fourth, Amendment, she failed to explain her position and she failed to provide any legal or factual support for her position. [*See* Dkt. 118.] Her failure to provide any legal support, factual support, or analysis of any kind results in a wavier of her argument. *C&N Corp. v. Gregory Kane & Illinois River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014) ("Arguments that are 'undeveloped, conclusory, or unsupported by law' are waived on appeal." (citation omitted)); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (*citing United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived....") *and United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.")). As such, her "seizure" and "eviction" claims cannot be construed under the Fourteenth Amendment. To the extent the Court construes those two claims under the Fourteenth Amendment, those claims fail for the same (unrefuted) reasons articulated in the Wood County Defendants' initial brief. [*See* Dkt. 76, pp. 4-13.]

her Fourth Amendment claim, Gilbank now asserts – without any evidence or legal support – that her consent was not freely given and that her rights were violated. Her last minute assertion is precluded by prior testimony and, notwithstanding her prior testimony, the facts all confirm that her consent was not given under duress or coercion. She consented to the search and her claim fails as a matter of law.

It is axiomatic that the Fourth Amendment does not prohibit "all searches and seizures, but ***unreasonable*** searches and seizures." *Terry v. Ohio*, 392 U.S. 1, 9, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) (emphasis added). It is also fundamentally understood that a search resulting from voluntary consent is reasonable. *Georgia v. Randolph*, 547 U.S. 103, 128, 126 S. Ct. 1515, 164 L. Ed. 2d 208 (2006) (citations omitted); *see also United States v. James*, 571 F.3d 707, 713 (7th Cir. 2009) ("Because a person may voluntarily waive his Fourth Amendment rights, no warrant is required where the defendant consents to a search.").

As a preliminary matter, it should be noted that Gilbank failed to respond to the Wood County Defendants' argument that she is precluded from arguing that her consent was not freely given because she previously testified under oath during the CHIPS matter that she volunteered to conduct the urinalysis. [*See* Dkt. 76, p. 14[3] (citing Dkt. 115, ¶ 40n); *see also* Dkt. 118 (failing to respond to the issue).] Her failure to respond constitutes a concession as to the validity of the Wood County Defendants' argument. *See Bonte*, 624 F.3d at 466 (citations omitted). Therefore, her argument that her consent was not freely given should not even be considered by the Court.

[3] Gilbank's assertion that she did not voluntarily consent to the urinalysis is an improper attempt to retract prior testimony (and admissions in her responses to the Wood County Defendants' Proposed Findings of Fact) in order to fabricate a disputed fact which does not exist. *See Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996). This fabricated factual dispute would frustrate the very purpose of summary judgment and must not be condoned. *See Adelman-Tremblay v. Jewel Companies, Inc.*, 859 F.2d 517, 521 (7th Cir. 1988) ("The purpose of summary judgment motions – 'to weed out unfounded claims, specious denials, and sham defenses' – is served by a rule that prevents a party from creating issues of credibility by allowing one of its witnesses to contradict his own prior testimony." (internal and external citations omitted)).

In addition to failing to respond to the legal argument about her ability to challenge the consent in this proceeding, Gilbank also failed to respond to the majority of the Wood County Defendants' arguments as to how the circumstances confirm her consent was voluntary. The Wood County Defendants applied the facts of the case to the six relevant factors which assist courts in determining whether consent was voluntarily given. [Dkt. 76, pp. 15-16.] Gilbank did not respond to any of those arguments. [Dkt. 118.] Instead, she made assertions about how she purportedly felt and what purportedly happened prior to her giving consent and then summarily concluded "[t]hese circumstances understandably put into question the reasonableness of the search…." [Dkt. 118, pp. 5-6.] Gilbank failed to cite to any evidence to support her assertions ("Plaintiff was not informed of any rights she may have had…"; "Plaintiff was in shock, confused…"; "Her abuser was now holding her daughter..."; "they forged plaintiff's initials….") and every single assertion she relies upon to argue that her consent was not freely given ***must be disregarded***. She has failed to adduce any evidence to suggest that her consent was not freely given, and her bare allegations in her brief are insufficient to survive summary judgment. *de la Rama v. Illinois Dep't of Hum. Servs.*, 541 F.3d 681, 685 (7th Cir. 2008) ("A nonmoving party cannot defeat a motion for summary judgment with bare allegations.")

Further, assuming the Court entertains Gilbank's contention (notwithstanding the sham nature of the argument and the total lack of evidence), the Wood County Defendants would be entitled to qualified immunity because it would not have been clear to any reasonable officer that her voluntary consent was not, in fact, voluntary. *Hope v. Pelzer*, 536 U.S. 730, 752, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) ("If 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted,' then qualified immunity does not apply. ... But if, on the

other hand, 'officers of reasonable competence could disagree on th[e] issue, immunity should be recognized.' (internal citations omitted)).

The evidence establishes that Gilbank gave her consent freely, voluntarily, and – given her prior history within the legal system – knowing full well that she had the right to refuse consent. [*See* Dkt. 76, pp. 15-16.] Because she consented to the urinalysis, there is no Fourth Amendment violation and her claim must be dismissed.

## IV. GILBANK'S FIFTH AMENDMENT CLAIM FAILS BECAUSE NO STATEMENTS WERE UTILIZED AGAINST HER IN ANY CRIMINAL PROCEEDINGS.

In their initial brief, the Wood County Defendants explained the parameters of the Fifth Amendment and how it was inapplicable to the present case because none of Gilbank's statements from the August 21, 2018 interview were used against her in any criminal proceedings. [*See* Dkt. 76, pp. 17-18.] In sum, absent use of statements in later criminal proceedings, there is no Fifth Amendment violation. [*Id*. (citing *Chavez v. Martinez*, 538 U.S. 760, 767, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003)).

In response, Gilbank argued that the Fifth Amendment guaranteed her the right to "get warnings in custody and to be able to call off interrogations." [Dkt. 118, p. 8.] Though she cited *Ohio v. Reiner* in the sentences prior to this novel assertion, the case does not support her proposition. The issue in *Ohio v. Reiner* was whether a third-party – who denied liability in a criminal case, but whom the defendant accused of committing the crime for which he was on trial – could assert the Fifth Amendment privilege against self-incrimination even though the third-party claimed innocence. *Ohio v. Reiner*, 532 U.S. 17, 21, 121 S. Ct. 1252, 149 L. Ed. 2d 158 (2001). The case does not, in any way, support her contention that the Fifth Amendment allows someone to simply "call off" interrogations. Gilbank also cited *Dickerson v. United States* as support for her theory, but that case is also completely inapposite. In *Dickerson*, the Supreme Court

addressed the constitutionality of 18 U.S.C. § 3501, "which in essence laid down a rule that the admissibility of … statements [made during custodial interrogations] should turn only on whether or not they were voluntarily made." *Dickerson v. United States*, 530 U.S. 428, 432, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000). The case does not support Gilbank's novel legal theory.

Gilbank provided no other legal support to suggest that the Fifth Amendment granted her this new right and that the Wood County Defendants somehow violated that right. It is clear that there is no violation of her Fifth Amendment rights because none of Gilbank's statements were used against her in criminal proceedings. *Chavez*, 538 U.S. at 767. As such, her claim must be dismissed.

## V. GILBANK'S NINTH AMENDMENT CLAIM FAILS BECAUSE IT IS NOT A RECOGNIZED CLAIM.

Gilbank's Ninth Amendment claim fails as a matter of law as "the Ninth Amendment 'is a rule of interpretation rather than a source of rights.'" *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (citing *Froehlich v. Wisconsin Dep't of Corr.,* 196 F.3d 800, 801 (7th Cir.1999); and *Quilici v. Village of Morton Grove*, 695 F.2d 261, 271 (7th Cir.1982)); *see also United States v. Vital Health Prod., Ltd.*, 786 F. Supp. 761, 777 (E.D. Wis. 1992), *aff'd sub nom. United States v. LeBeau*, 985 F.2d 563 (7th Cir. 1993)). Gilbank cited no law to support her Ninth Amendment claim and did not respond to the Wood County Defendants' argument that the Ninth Amendment does not provide a separate cause of action. It is apparent that Gilbank is, indeed, "not a Constitutional expert," but her lack of experience and expertise does not warrant the creation of a new cause of action. [*See* Dkt. 118, p. 10.] The Ninth Amendment does not provide substantive rights and cannot form the basis for a claim. Gilbank's claim must be dismissed.

## VI. GILBANK'S PROCEDURAL DUE PROCESS CLAIMS MUST BE DISMISSED.

Gilbank's Fourteenth Amendment procedural due process claims are premised on three acts: a lack of predeprivation hearing, failure to receive notice of one hearing, and Heinzen-Janz allegedly providing "false, misleading, and incomplete information" during the CHIPS proceedings. [Dkt. 128, ¶ 66.] The Wood County Defendants articulated a number of reasons why these claims should be dismissed, including that there was no constitutional requirement to hold a predeprivation hearing; the failure to receive notice did not give rise to a constitutional claim (and the failure was through no fault of the Wood County Defendants); there was no false testimony offered; and the claims are barred by immunity. [*See* Dkt. 76, pp. 24-31.] Gilbank's responsive arguments lack evidentiary and legal support, and do not save her claims from dismissal. The fact and law mandate that her claims be dismissed.

### *a. There is no procedural due process violation stemming from the lack of pre-deprivation hearing because the removal was justified by probable cause.*

It is well-settled that, in a child protection matter, a "post-deprivation hearing establishing probable cause of abuse prevented due process claim for lack of pre-deprivation hearing." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1021 (7th Cir. 2000) (citing *Donald v. Polk County*, 836 F.2d 376, 380 (7th Cir.1988)) (emphasis added). Accordingly, if a child welfare department removes a child from the home without a court order, but then initiates a post-deprivation hearing, the department's actions do not infringe on any constitutional rights so long as the post-deprivation hearing established that there was probable cause for the removal. *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 486 (7th Cir. 2011).

Presumably understanding the effect this legal precedent has on her claim, Gilbank argues that her predeprivation claim can still proceed because there was no probable cause to justify the removal of T.E.H. [*See* Dkt. 118, pp. 11-13.] Unfortunately, her argument is for naught, as prior

proceedings have already determined that probable cause existed, and her arguments are barred by issue preclusion. [Dkt. 128, ¶¶ 35i; 36; 36b.] *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002). Gilbank previously challenged the probable cause determination during the CHIPS proceedings, but the state court judges ruled against her and concluded that probable cause existed to remove T.E.H. [Dkt. 128, ¶¶ 38k; 39; 42; 38f; 35i; 39rr; 43k; 43j.] She is not entitled to re-litigate the issue of probable cause here in the federal court simply because the state courts ruled against her. [*See* Dkt. 118, p. 25 (conceding that she litigated the issue of probable cause at multiple levels).] Accordingly, the matter is settled; there is no violation arising from her failure to attend the predeprivation hearing because probable cause supported the removal.

To the extent the Court considers her challenges to probable cause, her argument should still be rejected for two reasons. First, she does not provide evidence to support the majority of her factual assertions. [*See* Dkt. 118, pp. 10-12.] Second, her assertions regarding drug use, drug paraphernalia, domestic abuse, and unstable living conditions support the need to remove T.E.H.; if anything, her arguments demonstrate that the Wood County Defendants could have acted sooner to remove T.E.H. – not that probable cause did not exist. [*See id*.] Finally, the issues regarding placement – which are completely unsupported by the evidence – are not attributable to the Wood County Defendants; the state court judges (who have been dismissed) addressed the placement. [*See* Dkt. 118, p. 13; Dkt. 128, ¶ 41b.] Further, Gilbank clearly had no issue with T.E.H.'s placement with Hoyle when she moved in with Hoyle and left T.E.H. with Hoyle prior to the CHIPS proceedings. [*See* Dkt. 128, ¶¶ 19; 27i.] She only raised these concerns after placement was decided.

Finally, if the Court considers her probable cause argument, the Wood County Defendants are entitled to qualified immunity, as they would have no notice of the purported impropriety of their actions based upon *Brokaw*.

***b. Subsequent hearings cured the lack of post-deprivation hearing notice and the Wood County Defendants had no involvement with any lack of notice of the post-deprivation hearing.***

Gilbank's procedural due process claim related to the lack of notice for the August 23, 2018 postdeprivation hearing fails for two reasons: first, she received notice and participated in subsequent postdeprivation hearings, thereby satisfying her procedural due process rights; second, the alleged failure to receive notice is not attributable to the Wood County Defendants.

In response to the first argument, Gilbank does not dispute that postdeprivation hearings occurred. [*See* Dkt. 118, pp. 15-17.] She does not dispute that she attended the hearings. [*Id*.] She does not dispute that she was represented by counsel at those hearings. [Dkt. 128, ¶¶ 38d; 39e; 40c.] Instead, she takes issue with how the judges conducted those hearings. [*See* Dkt. 118, p. 16 ("Plaintiff attempts to present evidence – she is denied. Plaintiff requests that the court hear her motion… - she is denied.").] The judges' decision to deny her motions or control the admission of evidence is not attributable to the Wood County Defendants and does not render the postdeprivation hearings inadequate. Gilbank was undeniably still afforded a time and place to be meaningfully heard on the issues.

As it relates to her argument on the timeliness of the post-deprivation hearings, there is no evidence that any of the Wood County Defendants were responsible for the claimed delays. In fact, the Eighth Circuit Court of Appeals rejected the very same argument Gilbank advances here, and distinguished the very case she attempts to rely upon. In *Webb as Next Friend of K.S. v. Smith*, the court considered the very same argument advanced here: plaintiffs in that case argued that a

twenty-eight day delay for a post-deprivation hearing in a custody case gave rise to procedural due process claims against the social workers involved in the child's removal. *Webb as Next Friend of K.S. v. Smith*, 936 F.3d 808, 815 (8th Cir. 2019). The plaintiffs in *Webb* cited *Whisman v. Rinehart* (the same case cited by Gilbank – Dkt. 118, p. 17) in support of their argument, but the court rejected plaintiffs' position. *Id*. Specifically, the Court noted that in *Whisman*, the social worker "helped delay a hearing…" whereas in *Webb*, there was no evidence that the social workers had any control over the purported delay. *Id*.

Like the social workers in *Webb*, there is no evidence to suggest that the Wood County Defendants took (or failed to take) any action which lead to a delay in the subsequent postdeprivation hearings. Therefore, any purported delay cannot form the basis of a claim against the Wood County Defendants.

Similarly, Gilbank's claim premised on the lack of notice provided for the August 23, 2018 post-deprivation hearing must be dismissed because there was no wrongdoing on the part of any Wood County Defendant. As outlined in their initial brief, Heinzen-Janz provided information regarding the hearing to the jail, but due to an error on the part of the jail, Gilbank did not receive the information. [*See* Dkt. 76, p. 28.] However, Heinzen-Janz cannot be held liable for another entity's failure to act. *See Webb*, 936 F.3d at 815-16. There is no evidence that she acted inappropriately or maliciously to prevent Gilbank from attending the hearing; she abided by the normal procedure for notifying inmates.[4] [Dkt. 128, ¶ 39jj.] The fact that the notice was not

[4] Gilbank's argument regarding Wis. Stat. § 48.27(3)(a)(1) misses the mark completely, as the statute imposes a duty ***on the court*** to provide notice – not any of the Wood County Defendants. *See* Wis. Stat. § 48.27(3)(a)(1) ("…the ***court*** shall notify, under s. 48.273, the child, any parent…" (emphasis added). Further, even if the Wood County Defendants had a statutorily obligation to provide notice in a specific manner, failure to do so does not give rise to a constitutional violation. The Seventh Circuit has cautioned again and again that noncompliance with state law is not itself a violation of the constitution. *See Vargas v. Cook Co. Sheriff's Merit Board*, 952 F.3d 871, 874-75 (7th Cir. 2020) (holding that the law has been clear "for decades" that noncompliance with state law is not itself a deprivation of due process of law).

conveyed to Gilbank ***by the jail staff*** is by no fault of the Wood County Defendants and, as such, cannot form the basis for a claim against them. Therefore, that aspect of her claim must also be dismissed.[5]

Finally, the Wood County Defendants are also entitled to qualified immunity because any alleged wrongdoing was not clearly established at the time. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Saucier v. Katz*, 533 U.S. 194, 207 (2001). To the contrary, case law suggests that the actions complained of complied with prior precedent. *See Webb*, 936 F.3d 808.

***c. Gilbank's claims regarding the information presented by the Wood County Defendants at the CHIPS hearings lack evidentiary support and are barred by absolute immunity.***

In response to the evidence that the Wood County Defendants provided truthful petitions and testimony at the CHIPS proceedings, Gilbank not provide any factual support for her conclusions that false information was presented. She cited no evidence other than the petitions or agency records themselves. [*See, e.g.*, Dkt. 118, p. 18 (citing Dkt. 115, p. 36 ¶ 2 (agency log)).] Absent evidence of any false statements, her claim fails.

Presumably understanding that she lacked evidence to support her contention that false statements were made, Gilbank asserts that her claim should still proceed because Heinzen-Janz failed to provide certain information to the court during the CHIPS proceedings, and that such actions imposes liability. However, social workers are entitled to absolute immunity for petitioning the court, selecting which information to present to the court, and testifying. *Loertscher v.*

[5] Additionally, the Wood County Defendants are entitled to absolute immunity for electing to proceed with the hearing despite Gilbank not receiving notice. *See Loertscher v. Anderson*, No. 14-CV-870-JDP, 2016 WL 3166599, at *4 (W.D. Wis. June 6, 2016) ("In *Millspaugh*, the Seventh Circuit determined that a county social worker was entitled to absolute prosecutorial immunity for…(3) deciding to go forward with child services proceedings despite not providing the mothers with adequate notice…." (citing *Millspaugh v. Cty. Dep't of Pub. Welfare*, 937 F.2d 1172, 1175-76 (7th Cir. 1991)).

*Anderson*, No. 14-CV-870-JDP, 2016 WL 3166599, at *4 (W.D. Wis. June 6, 2016) (citing *Millspaugh v. Cty. Dep't of Pub. Welfare*, 937 F.2d 1172, 1175-76 (7th Cir. 1991)). Therefore, her claim must be dismissed before even considering the merits of her baseless accusations.

## VII. GILBANK'S SUBSTANTIVE DUE PROCESS CLAIM MUST BE DISMISSED.

Notwithstanding Gilbank's failure to cite evidence to support her nominal and conclusory argument in support of her substantive due process claim, Gilbank's claim must be dismissed for two reasons. First, the disruption to her relationship with T.E.H. was not unlawful; the court in the CHIPS proceedings concluded that the removal was warranted.[6] Second, Gilbank has no evidence that the removal was intended to interfere with the parent/child relationship, as is required to maintain a substantive due process claim.

While the due process clause does protect against ***unlawful*** severances in the parent-child relationship, "[t]he Supreme court has recognized violations of the due process liberty interest in the parent-child relationship ***only where the state took action specifically aimed at interfering with that relationship***." *Russ v. Watts*, 414 F.3d 783, 786, 788 (7th Cir.2005) (emphasis added). Further, interference with the parent/child relationship may be justified when the state proves there is a need to protect the child from abuse. *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 474 (7th Cir. 2011).

In this case, there is no evidence the removal of T.E.H. was done with any intent to interfere with the parent-child relationship. Rather, it was done because of the imminent threat of harm posed by T.E.H.'s proximity to drugs and drug users. [*See* Dkt. 76, pp. 32-33.] The court in the CHIPS proceedings concluded that removal was warranted by probable cause. [Dkt. 128, ¶¶ 35i;

[6] Any challenge to the court's determination is barred by issue preclusion. *See* Section VI.a.

36; 36b.] As such, her assertions that "T.E.H. was happy, healthy, and thriving" have previously been debunked.

Further, Gilbank failed to respond to the Wood County Defendants' argument that her substantive due process claim is barred by qualified immunity. [*See* Dkt. 76, pp. 33-34; *see* Dkt. 118.] Gilbank's failure to respond results in a waiver and the Court can summarily conclude that qualified immunity applies.

## VIII. GILBANK'S § 1985 CLAIM MUST BE DISMISSED BECAUSE THERE IS NO EVIDENCE OF CLASS OR RACE-BASED ANIMUS.

It is well-settled law that a claim pursuant to 42 U.S.C. § 1985 requires evidence of class or race-based discriminatory animus. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000); *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979). Gilbank completely failed to address this issue in her response brief and, as such, has conceded the issue. *Bonte,* 624 F.3d at 466 (citations omitted). There is no evidence of any animus – let alone any class or race-based animus – so her § 1985 claim fails as a matter of law and must be dismissed.

## IX. THERE IS NO EVIDENCE TO SUPPORT CLAIMS AGAINST SOLHEIM, CHRISTENSEN, OR LACHAPELLE.

Under 42 U.S.C. § 1983, individual liability requires "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation omitted). Gilbank has no evidence that Mary Solheim, Mary Christensen, or Anne LaChapelle personally participated in any of the acts which she alleges gave rise to constitutional violations and, therefore, her claims against those defendants must be dismissed.

In their initial brief, the Wood County Defendants articulated how Solheim had no involvement with any of the actions which Gilbank premised her claims ***because she was not employed by the County at the time***. [*See* Dkt. 76, pp. 37-38.] Gilbank does not dispute this, but

instead contends that Solheim had some unidentified constitutional obligation to "discipline her staff and/or report them for violations, and to petition the court for correction." [Dkt. 118, p. 23.] Gilbank did not provide any legal or factual support for her contentions and, as such, her undeveloped conclusory assertions must be disregarded by the Court. *C&N Corp.*, 756 F.3d at 1026; *Puffer*, 675 F.3d at 718. Notwithstanding her failure to develop and support an argument, her argument is clearly contrary to established precedent which holds that a supervisor may only incur personal liability under § 1983 with actual knowledge and acquiescence to a subordinate's ongoing illegal actions. *Minix*, 597 F.3d at 833-34. Given that Solheim was not even an employee at the time of the alleged wrongdoings, she cannot be held liable and claims against her must be dismissed.

The Wood County Defendants also articulated in their initial brief why the claims against Christiansen lack any factual or legal basis. [*See* Dkt. 76, pp. 38-39.] Specifically, Christiansen had no actual involvement with any of the underlying CHIPS proceedings that Gilbank premised her claims upon. [*Id*.] Gilbank does not refute that contention. [*See* Dkt. 118, p. 23.] Instead, she doubles down on her claim that Christensen threatened her and asserts her claim may rest upon that alleged action. [*Id*.] First, Gilbank lacks evidence to support her contentions in her brief; notably, there is not a single record citation in the sole paragraph she devoted to this "argument." [*Id*.] Second, even if Christiansen did threaten Gilbank, that does not support a claim against her because it is well-settled that "verbal threats alone do not constitute a constitutional violation…." *Pride v. Holden*, 1 F.3d 1244, at *3 (7th Cir. 1993); *see also Kubsch v. Bellile*, No. 07-C-419-C, 2007 WL 5658904, at *1 (W.D. Wis. Aug. 17, 2007); *Shabani v. Kalka*, No. 20-CV-470-BBC, 2020 WL 4339052, at *1 (W.D. Wis. July 28, 2020); *Dick v. Gainer*, No. 97 C 8790, 1998 WL 214703, at *5 (N.D. Ill. Apr. 23, 1998) ("…mere threats do not rise to the level of a constitutional

violation. There is no constitutional right to be free from threats of arrest; an actual civil rights violation must occur before a cause of action arises under § 1983."). Given that Gilbank's sole claim against Christiansen rests upon her purported threats, and threats do not give rise to constitutional claims, Gilbank has no legal basis to maintain her claim against Christiansen. Accordingly, the claims against Christiansen must be dismissed.

Finally, as it relates to the claims against LaChapelle, the Wood County Defendants explained that Gilbank's claims against her must be dismissed because LaChapelle did not have knowledge of any alleged wrongs and because her alleged failure to provide Gilbank her desired response to a grievance does not give rise to a claim. [Dkt. 76, pp. 39-40.] In response, Gilbank cited a number of log records that referenced LaChapelle's involvement with the CHIPS proceeding. [*See* Dkt. 118, p. 24.] However, she does not articulate how any of those contacts demonstrate acquiescence to any of the specific wrongs that she complains of – namely, the urinalysis, alleged false statements during the CHIPS hearings, or the removal of T.E.H. The fact that LaChapelle was a supervisor, or that she may have touched the case file, does not suggest that she had notice of, and acquiesced to, ***known constitutional violations***, and cannot give rise to personal liability under § 1983.

## X. GILBANK HAS NOT ESTABLISHED A *MONELL* CLAIM.

By failing to respond to the Wood County Defendants' *Monell* argument regarding official policies, Gilbank concedes that there are no Wood County policies that support a *Monell* claim against the County. [*See* Dkt. 118.] Instead, she argues that she "suspects" LaChapelle and Solheim "might meek [*sic*]" the standards of a final policymaker such that *Monell* liability would be imposed. [Dkt. 118, p. 26.] Gilbank provides nothing more than her suspicions: there is no factual support for her suspicions, nor any legal authority cited. Further, she conceded (or failed to refute)

that none of the Wood County Defendants were final policymakers. [*See* Dkt. 128, ¶¶ 84-87.] Her undeveloped and perfunctory arguments should be disregarded and her *Monell* claim dismissed as a matter of law. *C&N Corp.*, 756 F.3d at 1026; *Puffer*, 675 F.3d at 718.

## CONCLUSION

For the reasons set forth above and in prior briefing to the Court, the Court should grant the Wood County Defendants' Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice and with costs.

Dated this 5th day of October, 2021.

AXLEY BRYNELSON, LLP

*Electronically signed by Danielle Baudhuin Tierney*
Michael J. Modl, SBN 1011419
Lori M. Lubinsky, SBN 1027575
Aneet Kaur, SBN 1088063
Danielle Baudhuin Tierney, SBN 1096371
Attorneys for Defendants
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
mmodl@axley.com
llubinsky@axley.com
akaur@axley.com
dtierney@axley.com