UNITED STATES DISTRICT COURT

for the

Western District of Wisconsin

Civil Division

| | |
|---|---|
| MICHELLE R GILBANK, et al., | Case No.: 20-cv-601-jdp |
| Plaintiffs, | |
| vs. | **PLAINTIFF'S STATEMENT ON APPEAL** |
| WOOD COUNTY DHS, et al., | |
| Defendants. | |

## SUMMARY OF CASE AND ARGUMENTS FOR APPEAL

On August 21, 2018, Defendant Heinzen-Janz and Defendant Iverson interfered in Plaintiff's right to the care, custody, and control of her daughter T.E.H.

On August 21, 2018, Defendant Heinzen-Janz intentionally confined Plaintiff from returning to her home and dwelling.

On August 21, 2018, the false imprisonment caused by Defendant Heinzen-Janz substantially interfered with Plaintiff's access to her personal property (conversion).

1  On August 22, 2018, Defendant Heinzen-Janz and Defendant Iverson created, submitted, and
2  signed false documents with Wood County Circuit Court implying that Plaintiff was under the
3  influence and left her daughter without care on August 21, 2018. Neither of these statements
4  were true.
5  On September 13, 2018, Defendant Heinzen-Janz filed more documents with the court
6  containing false claims that she had no evidence of. Her evidence of Plaintiff's neglect was
7  Plaintiff's denial of this neglect. Defendant Heinzen-Janz made false claims of Plaintiff being
8  uncooperative and left out important information regarding Plaintiff's many requests for
9  assistance, Plaintiff's successful actions in seeking safety for her child. This intentional omission
10 of extremely important information constitutes fraud on the court.

12 There was no judicial involvement in the violation of these rights until August 23, 2018.
13 Plaintiff received no notice or opportunity to be heard on this date.  Plaintiff continually
14 requested that she be heard in this matter from August 21, 2018 until September 19, 2018, when
15 her request to be heard was denied.  Plaintiff was told that the probable cause hearing was held
16 without her and would not be reheard. Plaintiff requested a Writ of Certiorari to this denial and
17 that was also denied.

19 Defendants' violations of law on August 21 and 22, 2018 led to intentional emotional
20 distress and trauma to both Plaintiff and her child.  Knowing that one's child is being
21 traumatized and is in danger of sexual assault is additionally traumatizing to a parent.

PLAINTIFF'S BRIEF IN OPPOSITION                                                                                          - 2

Defendants' violations of law on August 21 and 22, 2018 caused the court to take action which caused the Plaintiff and her daughter severe trauma and injury for 504 days. Plaintiff could find not a single juvenile court case in which Wood County Court ruled against Wood County DHS recommendation when a child's primary caregiver was not present for the initial hearing.

But for Defendants' actions, Plaintiff's trauma and injuries would not have occurred.

⚖

Plaintiff's right to the care, custody, and control of her child is a Fundamental Right.

- *"The liberty interest at issue in this case — the interest of parents in the care, custody, and control of their children — is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville*, 530 U.S. 57 (U.S. 2000)

Fundamental Rights are rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed."

- *See Palko v. Connecticut*, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937); *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc). The Supreme Court has recognized that fundamental rights include those guaranteed by the Bill of Rights as well as certain liberty, associational and privacy interests implicit in the due process clause and the penumbra of constitutional rights. See *Glucksberg*, 521 U.S. at 720, 117 S. Ct. at 2267; *Paul v. Davis*, 424 U.S. 693, 712-13, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976). These special "liberty" interests include "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, and to bodily integrity." *Glucksberg*, 521 U.S. at 720, 117 S. Ct. at 2267.

Fundamental rights must adhere to the **Strict Scrutiny Standard**. Unless it is necessary for

PLAINTIFF'S BRIEF IN OPPOSITION - 3

the government to interfere with the right in order to achieve some compelling governmental objective the action will be prohibited. The burden of proof is on **Defendants**.

- As the Court stated in *Bowers v. Hardwick*, 478 U.S. 186, 189 (1986), "*to prevail, the State would have to prove that the statute is supported by a compelling interest and is the most narrowly drawn means of achieving that end.*"

Strict Scrutiny requires that there be a warrant or emergency so imminent that immediate removal is required in order for Defendants to violate Plaintiff's Fundamental Rights.

Defendants must agree that:

1. They took temporary custody of Plaintiff's child without a warrant.
2. Plaintiff faced no criminal accusations regarding her care for her child.
3. Plaintiff's child was in adequate care.
4. Defendants attempted to 'safety plan' with Plaintiff after Plaintiff had placed her child in adequate care. Defendants informed Plaintiff that they were working with her so that she could retain custody.
5. After Plaintiff's child had been in safe care arranged for by Plaintiff for over two hours, Defendants made the decision to take emergency temporary custody of Plaintiff's child and forbid Plaintiff from returning to her home and possessions. They did this without warrants or emergencies of any kind.
6. Defendants were aware that Plaintiff was being arrested and taken to county jail. If they had any evidence at all to verify their claims, they had at least 24 hours to bring their concerns before a judge and request a warrant.
7. Defendants did not 'remove' Plaintiff's child from where Plaintiff had placed her for care.
8. Once Defendants illegally interfered in Plaintiff's custody, they had an obligation to provide for the care and safety of Plaintiff's child.
9. Defendants placed Plaintiff's 4-year-old daughter in the care of a registered sex offender who had been convicted of penetration of a 6-year-old girl. Visitation with this man was required by prior court order to be supervised at a local center or allowed by Plaintiff. Defendants ignored this prior court ruling without warrant or cause.
10. Removal of any child from the custody of her primary caregiver causes trauma to both the child and the parent.
11. Defendants were aware that Plaintiff was a vulnerable adult with a diagnosis of C-PTSD.

These events occurred **prior to** any court involvement in Plaintiff's custody or individual liberty. Although their unlawful actions **greatly affected** judicial decisions regarding Plaintiff's custody and individual liberty in Wood County Court, Plaintiff seeks no reversal of Wood County Court rulings.

In the interest of justice and safety for her child, and in order to be heard and receive due process, Plaintiff agreed to the closure of the juvenile court case denying Plaintiff custody of her child 504 days after August 21, 2018. Plaintiff then returned to family court and regained sole custody of her daughter. Due to Plaintiff's agreement to the closure, the juvenile court decisions are not appealable and are not at issue in this case.

Defendants have not been party to **any other legal action** involving Plaintiff except for the present action before this Court. Defendants actions which violated the Fundamental Rights of the Plaintiff have not been brought to cause by any other court.

Plaintiff believes that the honorable Judge Peterson has made a mistake in applying the Rooker-Feldman doctrine and issue preclusion to this case.

Plaintiff respectfully requests that the 7th Circuit Appellate Court reverse his decision and remand this case back to the Western District of Wisconsin Federal Court for jury trial.

Thank you,

/s/ *Michelle R Gilbank*

Michelle R Gilbank, pro se